369 A.2d 787
**COMMONWEALTH of Pennsylvania**
v.
**Donald KOLLOCK, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 1976.

Decided Feb. 18, 1977.

David Weinstein, Philadelphia, for appellant.

Maxine J. Stotland, Philadelphia, with her Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On March 14, 1975, the appellant was convicted by a jury of robbery.[1] Timely post-trial motions were denied by the court below, and sentence was imposed. The appellant now questions the propriety of his conviction, raising several allegations of error. We affirm the judgment of sentence.

█ The appellant first contends that the lower court erred by granting the prosecution an extension of time [2]

---

1. 18 Pa.C.S. § 3701.

2. Although the assistant district attorney curiously described his petition as a "PETITION FOR CONTINUANCE UNDER RULE 1100," it is clear from the petition itself, and the notes of testimony, that the assistant district attorney sought an extension of time rather than a continuance of the proceedings. We note, however, that a petition for an extension of time pursuant to Rule 1100(c) and a petition for a continuance of the proceedings are greatly dissimilar in meaning and effect. We must therefore caution the members of the bar to be precise in their terminology. Words must be chosen with care and not merely ". . . mechanically etched upon legal parchment . . .." *Raw v. Lehnert,* 238 Pa.Super. 324, 333, 357 A.2d 574, 578 (1976) (dissenting opinion).

for commencement of trial pursuant to Pa.R.Crim.P. 1100(c).[3] The prosecution predicated its petition upon a claim that trial could not be commenced within 180 days from the date the criminal complaint was filed against the appellant, as required by Pa.R.Crim.P. 1100(a)(2),[4] because of unavailable court space. In two recent cases, *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976) and *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Pennsylvania Supreme Court ruled that a reasonable and limited extension of time may be granted the prosecution on the basis of judicial delay. The court, however, cautioned that Rule 1100 may not be ". . . circumvented by unwarranted grants of extensions," *Mayfield, supra*, at 221, 364 A.2d at 1349, and explained that the lower court may grant an extension under Rule 1100(c) only upon a record showing: (1) that the prosecution filed its application for an extension of time prior to the expiration of the mandatory period prescribed in the Rule or in a previous order granting an extension; (2) that the prosecution has exercised due diligence in bringing the accused to trial; and (3) ". . . certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Mayfield, supra*, at 222, 364 A.2d at 1349.

3. Pa.R.Crim.P. 1100(c) provides in pertinent part:
   "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

4. Pa.R.Crim.P. 1100(a)(2) provides that:
   "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

20

■ Following the *Mayfield-Shelton* guidelines, we find that the prosecution's petition for an extension of time was properly granted by the lower court. The record establishes that the petition was filed prior to the expiration of the prescribed period. The complaint was filed against the appellant on August 3, 1974. On January 30, 1975, or 180 days after the filing of the complaint, the prosecution timely filed its petition for extension.

On January 30, 1975, after a hearing, the court below granted the prosecution's petition and ordered that the case be tried upon the completion of two other cases then before the trial judge, but in no event later than February 13, 1975. The lower court found that the prosecution was ready to proceed to trial, but was unable to do so solely because no courtroom was available. The lower court also found that the case had been continued on two prior occasions for this same reason. The lower court's findings are amply supported by the record.[5] Also, it is clear from the lower court's order granting the prosecution an extension of time that the case was scheduled for the earliest possible date. We find, therefore, no merit to the appellant's contention that the lower court improperly granted the prosecution's petition for extension.

■ The appellant also contends that his right to a speedy trial pursuant to Rule 1100 was violated because trial did not begin within the two week period prescribed by the lower court order granting an extension. The docket entries, however, show that the prosecution filed a petition seeking a further extension on February 3, 1975, which was ten days prior to the expiration of the pre-

5. In making its decision, the lower court relied upon Form 30–92 (Rev. 9/73), described by the Clerk of Court as "the Bill of Indictment," by the hearing judge, as the "transcript," and by defense counsel as the "white Bill of Indictment," which shows that the lower court granted two continuances, one on September 26, 1974, to November 25, 1974, and the other on December 11, 1974, to January 8, 1975, because no courtroom was available.

scribed period. A hearing on this petition was held before the lower court on March 6, 1975.[6] At this hearing, the lower court found that the appellant's trial could not have been commenced within the two week period because of the number of cases already scheduled before the trial judge. The lower court then granted an extension of time until April 18, 1975. Trial commenced on March 10, 1975,[7] well within the extended time. We find this second extension of time by the lower court to be consistent with the rulings of the Supreme Court in Mayfield and Shelton.

The appellant next contends that his sixth amendment right to be present at his own trial was violated because he was removed from the courtroom at the time of the lower court's charge to the jury. The record shows that the appellant interrupted the lower court's charge by insisting upon making a statement to the jury. The lower court instructed the appellant to remain silent, warned him that he would be removed if he attempted to speak to the jury, and reminded him that he was ably represented by counsel. The appellant belligerently refused to be silent and persisted in loudly voicing his opinion that the proceedings were illegal. The lower court then ordered the appellant removed from the courtroom.

The appellant does not deny that he acted "imprudently." He claims merely that the lower court should have

6. The appellant filed a petition to dismiss the charges on February 3, 1975. See Pa.R.Crim.P. 1100(f).

7. Confusion exists as to the exact date on which trial commenced. The appellant argues that trial began on March 10, 1975, the date on which the trial counsel was appointed and then allowed to reargue the motions decided on March 6, 1975. The prosecution and the lower court relate that trial began on March 6, 1975, when the lower court ascertained that both sides were ready for trial. An exact determination of the trial date is not necessary for a resolution of the issue before us. Even if we assume, arguendo, that trial began on March 10, rather than March 6, it is clear that the period of time for trial as extended by the lower court order of March 6, 1975, had not been violated.

restrained him in some manner that would have insured his presence in the courtroom. Specifically, the appellant contends that he should have been shackled, gagged, or placed in an isolation booth, but not taken from the courtroom. The appellant's position is untenable.

In *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L. Ed.2d 353 (1970), the United States Supreme Court held that there are at least three constitutionally permissible ways for a trial judge to restrain an obstreperous defendant. He may "(1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly." *Illinois, supra* at 344, 90 S.Ct. at 1061; *See also Commonwealth v. Patterson*, 452 Pa. 457, 308 A.2d 90 (1973). We find no abuse of discretion on the part of the court below in removing the appellant from the courtroom. The lower court warned the appellant that his defiant sound and fury was intolerable and that continued misbehavior would result in removal from the courtroom. The appellant, however, ignored the lower court and continued to signify his contempt for judicial process. Moreover, the lower court made every effort to alleviate the disadvantages of expulsion. The court below not only instructed the jury not to allow the appellant's removal to influence their verdict, but also ordered that a copy of the subsequent proceedings be immediately transcribed for the appellant.

The appellant's final contention is that the lower court erred in denying his motion for a mistrial because of prejudicial remarks made by the assistant district attorney in his closing argument. We need not reach the merits of the appellant's claim because we find that the appellant has not properly preserved the issue for appellate review. The record shows that after the assistant district attorney had concluded his argument, defense counsel requested an in-chambers conference at which he formerly objected to certain remarks made by the assist-

ant district attorney during his speech. However, defense counsel made no objections during the argument nor did he request that the objectionable references be placed on the record. Recently, the Pennsylvania Supreme Court, in *Commonwealth v. Adkins,* 468 Pa. 465, 472, 364 A.2d 287, 291 (1976), reaffirmed that "[w]here the argument is not recorded, there is a need to require an objection during the argument so that the remarks may be placed in the record at or about the time they are made and thereby ensure accuracy." *See Commonwealth v. Cisneros,* 381 Pa. 447, 113 A.2d 293 (1955). Counsel failed in his obligation to set forth ". . . in context and with sufficient illumination the statements he deemed offensive and prejudicial so an appellate court could make an intelligent judgment as to the nature and possible effect of the comments." *Commonwealth v. Banks,* 454 Pa. 401, 410, 311 A.2d 576, 580 (1973).

Judgment of sentence affirmed.