381 A.2d 961

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thomas George BROWN.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1976.

Decided Dec. 28, 1977.

---

Joseph C. Madenspacher, Assistant District Attorney, Lancaster, for Commonwealth, appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

This is an appeal by the Commonwealth from an order of the court below denying a petition to extend the time for commencement of trial and discharging the appellee. The court below predicated its order upon a finding that the appellee's right to a speedy trial under Pa.R.Crim.P. 1100 had been violated. For the reasons stated herein, we reverse the order of the lower court, reinstate the criminal charge against the appellee, and remand the case to the court below for trial within one hundred and twenty (120) days.

On November 12, 1975, a written complaint was lodged against the appellee charging him with aggravated assault [1] and resisting arrest or other law enforcement. [2] A preliminary hearing was conducted on March 9, 1976, and a prima facie case was found on the resisting arrest or other law enforcement charge. On March 23, 1976, the Commonwealth filed a petition seeking an extension of time for commencing trial. On March 24, the court below scheduled a hearing on the petition for May 12, 1976. On May 12, the hearing was rescheduled for the day of trial. On May 25, 1976, the trial judge, after a hearing, denied the Commonwealth's petition and dismissed the resisting arrest charge against appellee.

Pa.R.Crim.P. 1100(a)(2) mandates that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Under Pa.R.Crim.P. 1100(c), however, the Commonwealth may apply to the court below at any

1. 18 Pa.C.S. § 2702.

2. 18 Pa.C.S. § 5104. Appellee was also charged on November 12, 1975, with several summary violations of the Pennsylvania Game Laws.

time prior to the expiration of the prescribed period for an order extending the time for commencement of trial.[3] In the instant case, the Commonwealth predicated its petition for extension upon a claim that trial could not be commenced by May 10, 1976, the 180th day, because of unavoidable delay in conducting appellee's preliminary hearing. Specifically, the Commonwealth complained that appellee had effected postponement of his preliminary hearing from November 21, 1975, until January 9, 1976, and from February 25, 1976, until March 9, 1976. The Commonwealth further asserted that it was required to continue appellee's preliminary hearing from January 9, 1976, until February 25, 1976, because of the illness of a primary prosecution witness.

Under Rule 1100(c), the Commonwealth should be granted an extension of time for commencement of trial if it can demonstrate on the record that trial could not be commenced within the prescribed period despite its due diligence. In the instant case, the magistrate's docket and the witnesses adduced at the extension hearing verified the Commonwealth's claim that appellee's preliminary hearing was continued on three occasions for purposes beyond the Commonwealth's control. At the hearing on the Commonwealth's petition to extend, appellee conceded that he requested that the preliminary hearing be continued on November 21, 1975, and on February 25, 1976.[4] Periods of

3. Pa.R.Crim.P. 1100(c) provides that: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

4. Appellee argued at the hearing that responsibility for the length of each continuance rested upon the district magistrate who was unable to conduct the preliminary hearing at an earlier date because of a schedule conflict. We need not further investigate appellee's claim to resolve the merits of this appeal. District magistrates constitute an integral part of the judiciary of this Commonwealth. Thus, even

delay occasioned by defense request may substantiate the grant of a Commonwealth extension petition. *See, e. g., Commonwealth v. Shields,* 247 Pa.Super. 74, 371 A.2d 1333 (1977). Additionally, a Commonwealth witness, Marshall A. Dussinger, testified that on January 9, 1976, he was in a Cleveland hospital being treated for a suspected heart attack. Periods of delay due to the unavailability of a hospitalized Commonwealth witness may be the basis of an extension of time for commencement of trial. Since the record supports the Commonwealth's assertion of due diligence, we find that the lower court erred in denying the Commonwealth an extension of time for commencing trial.

The order of the court below, dated May 26, 1976, is reversed, and this case is remanded to the court below for trial within one hundred and twenty (120) days.

HOFFMAN and SPAETH, JJ., concur in the result.

if we were to find that the district magistrate unnecessarily delayed the proceedings in this case, such delay could only be classified as judicial delay. In *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), the Pennsylvania Supreme Court ruled that the Commonwealth may be granted an extension of time predicated upon judicial delay. Furthermore, we note the impropriety of appellee's failure to place his objections to the delay in rescheduling on the record until after the expiration of the mandatory period. *See Commonwealth v. Reese,* 237 Pa.Super. 326, 352 A.2d 143 (1975).