390 A.2d 1366

**COMMONWEALTH of Pennsylvania**

**v.**

**Rickey A. ANTONUCCIO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 14, 1977.

Decided July 12, 1978.

David A. Whitney, Public Defender, Ridgway, for appellant.

James A. Meyer, District Attorney, Ridgway, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of the 59th Judicial District, Elk County Branch, by the defendant-appellant, Rickey A. Antonucci, following conviction in a non-jury trial of Reckless Driving and Operating a Motor Vehicle while under the Influence of Intoxicating Liquors; and from the denial of Post-Trial Motions.

Appellant alleges, inter alia, that the lower court erred in granting the Commonwealth's Petition for an Extension of Time to commence trial. We agree and therefore reverse Appellant's conviction and order that he be discharged.

The criminal complaint in this case was filed on October 30, 1976, charging the Appellant with Reckless Driving and Driving under the Influence. On April 27, 1977, the Commonwealth filed a Petition for an Extension of Time to

commence Trial, this was one day before the 180 days would have expired. The Petition filed by the Commonwealth alleged that despite "due diligence" by the Commonwealth, defendant's trial could not be commenced within 180 days after the complaint had been filed. A hearing on the Petition was held on May 2, 1977 and the court by Order of the same day, granted the Commonwealth's Petition.

Under *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the trial court may grant an extension under Rule 1100(c) only upon a *record* showing:

(1) The "due diligence" of the prosecution  .   .   .

■■ Here, although a hearing was held on May 2, 1977, the record contains no notes of testimony and we are therefore unable to evaluate the Commonwealth's proof as to its "due diligence". Mere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c). See *Commonwealth v. Porter*, 251 Pa.Super. 346, 380 A.2d 812 (1977). In addition, the Commonwealth's Petition is fatally defective. While it alleges "due diligence" as required by Rule 1100, it does so only by way of a bare assertion of these words. This type of "form petition" was expressly denounced in *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976). "We have seen no petition of this form type which attempts to establish the exercise of due diligence by the Commonwealth beyond the recitation of the words themselves, as such they are defective."

We are, therefore, required to reverse the Appellant's conviction and order that he be discharged.[1]

CERCONE, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

1. Appellant also raises two other arguments for reversal but we need not consider those.