418 A.2d 394

**COMMONWEALTH of Pennsylvania**

v.

**William B. McNEILL, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed Jan. 11, 1980.

Joseph H. Reiter, Philadelphia, for appellant.

Thomas J. McGarrigle, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, P. J., and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*,[1] that the lower court erred in granting the Commonwealth's petition for an extension of time to commence trial under Pa.R.Crim.P. 1100(c). We agree and, accordingly, reverse the judgments of sentence and order appellant discharged.

The facts relevant to our disposition of this case are as follows: On April 8, 1977, the Commonwealth filed a criminal complaint against appellant charging him with aggravated assault, simple assault, and weapons offenses in connection with the March 8, 1977, shooting of George M. Gilliam (Gilliam). Pursuant to Pa.R.Crim.P. 1100(a)(2), the Commonwealth was required to bring appellant to trial by December 26, 1977.[2] The Commonwealth was granted continuances on October 11, November 4, and December 6, 1977, because of the unavailability of Gilliam, the complaining witness. The docket entries reveal that Gilliam was "ill" on the latter two dates. The November 4, docket entry notes further that Gilliam was "in [a] body cast" on that date. On December 16, 1977, the Commonwealth filed a petition for an extension of time to commence trial pursuant to Rule 1100(c). The Commonwealth's petition was a "form" petition which simply alleged that "[d]espite due diligence, the Commonwealth will not be able to try this case within the Rule 1100 run date." No reason for the delay or facts to

1. Because of our disposition of this case we need not consider appellant's other contentions on appeal.

2. This calculation excludes from the 180 day period 82 days during which appellant waived his rights under Rule 1100. The waivers were executed in conjunction with two defense-requested continuances.

support the Commonwealth's assertion of due diligence appeared in the petition. On January 4, 1978, appellant filed a motion for dismissal of the charges pursuant to Rule 1100(f), and a hearing was scheduled on the petition and motion. The hearing, which took place on January 6, and January 13, 1978, consisted almost entirely of a colloquy between the court and defense counsel in which the latter argued that the Commonwealth had failed to show due diligence in commencing appellant's trial. The Commonwealth did not summarize its position to the court at the outset of the hearing nor did it present any testimony in support of its petition. The record of the hearing reveals only two occasions on which the Commonwealth attempted to justify its request for an extension. At the close of the January 6 proceedings, the assistant district attorney stated, "Just for the Record, the Commonwealth witness has not been able to walk as a result of an infection of the wound in this incident." N.T. January 6, 1978, at 4. During the January 13 proceedings, the assistant district attorney told the court the name of the unavailable witness and stated that "because of his medical condition a Petition to Extend was also granted" in a case in which Gilliam was a defendant. N.T. January 13, 1978, at 8. Based on this information and the existing record in the case, the court found "due diligence on the part of the Commonwealth based on the clear inference of the unavailability of the Commonwealth witness due to body cast," and granted an extension until January 27, 1978. N.T. January 13, 1978, at 9–10. Appellant's trial commenced on January 26, 1978, and he was convicted and sentenced on all charges. Following denial of post-verdict motions, appellant filed this appeal.

"A court may grant the Commonwealth an extension of time for trial if it finds that 'trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.' Pa.R.Crim.P. 1100(c)." *Commonwealth v. Miller*, 270 Pa.Super. 178, 182, 411 A.2d 238, 240 (1979).

The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of

Rule 1100(c). Cf. *Commonwealth v. Wade,* 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence as, fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell,* supra.

\* \* \* \* \* \*

While the unavailability of a witness may be a relevant factor in determining whether an extension should be granted, see *Commonwealth v. Brown,* 252 Pa.Super. 365, 381 A.2d 961 (1977), '[m]ere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c).' *Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 536, 390 A.2d 1366, 1367 (1978).

*Commonwealth v. Ehredt,* 485 Pa. 191, 194, 401 A.2d 358, 360–61 (1979) (footnote omitted). Accordingly, in *Commonwealth v. Ehredt, supra,* our Supreme Court held that the assistant district attorney's bare statement at the extension hearing that unspecified Commonwealth witnesses were unavailable for trial was insufficient to establish due diligence for the purpose of granting an extension under Rule 1100(c). *See also, Commonwealth v. Brant,* 272 Pa.Super. 135, 414 A.2d 707 (1979).

In the present case the Commonwealth has made an even less persuasive attempt to show its due diligence than in *Ehredt, supra.* The record of the extension proceedings does not reveal any meaningful explanation by the Commonwealth of its inability to commence trial within the prescribed period. As stated above, the petition for extension contained nothing more than the Commonwealth's unsupported assertion of due diligence.[3] At the "hearing" on the

3. "Although we have criticized form petitions for extension which merely allege due diligence without citing supporting facts, *Commonwealth v. Ray,* 240 Pa.Super. 33, 35–36, 360 A.2d 925, 926–27 (1976), the use of such a petition does not by itself indicate a lack of due diligence on the part of the Commonwealth." *Commonwealth v. Miller, supra,* 270 Pa.Super. at 182, 411 A.2d at 240.

petition,[4] the Commonwealth never even directly asserted that the witness could not attend trial; instead, it rested entirely on the assistant district attorney's assertion that the witness was unable to walk. The Commonwealth presented no evidence whatsoever to support this assertion, nor did it attempt to prove that the witness' physical condition would preclude his attendance at trial scheduled anytime before the December 26 run date.[5] Such an insubstantial showing is hardly sufficient to satisfy the Commonwealth's burden of proving its due diligence by a preponderance of the evidence. *Ehredt, supra.*

■ In its brief the Commonwealth asserts that its representations as to its witness' unavailability "were bolstered by the facts of record in the case that the Commonwealth had requested continuances, on 11/4/77 and 12/6/77, of the start of trial, because the Commonwealth [witness] was in a body cast and had suffered an infection of his wound." Even assuming, however, that the Commonwealth had proved the witness' unavailability at the times those continuances were granted,[6] we fail to see how a showing of unavailability on some earlier date can compensate for the Commonwealth's absolute failure at the extension hearing to prove unavailability for the remainder of the Rule 1100 period.

The Commonwealth argues that to find a violation of appellant's prompt trial rights here "would create the repel-

4. In *Commonwealth v. Ehredt, supra,* the Supreme Court impliedly criticized extension hearings in which the Commonwealth offers no testimony in support of its petition to extend. 485 Pa. at 195, n. 5, 401 A.2d at 360, n. 5.

5. Interestingly, appellant states in his brief that Gilliam gave testimony at the preliminary hearing in June, 1977, while in a body cast. While Gilliam's ability to appear in court in June does not prove that he could have appeared the following December, it does underscore the need for the Commonwealth to present some evidence of unavailability at the extension hearing.

6. Although the record does not contain transcripts of those proceedings, we have no reason to believe that the Commonwealth made any stronger showing of unavailability when it was granted the continuances than it did at the extension hearing.

ling situation whereby a defendant could actually profit from his violent acts against society." It may well be, as the Commonwealth argues, that the victim in this case actually was unable to attend trial within the Rule 1100 period as a result of wounds inflicted by appellant. However, it was the Commonwealth's burden to prove such unavailability by a preponderance of evidence. This it failed to do. Accordingly, the lower court was without a basis upon which to make the requisite finding of due diligence for the grant of an extension.

Judgments of sentence reversed and appellant ordered discharged.

WATKINS, J., dissents.