421 A.2d 1069

**COMMONWEALTH of Pennsylvania,**

v.

**Alfonso POSTELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 1, 1980.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

BROSKY, Judge:

Appellant, Alfonso Postell, was convicted by a judge sitting without a jury of robbery, aggravated assault and conspiracy. Following the denial of post–trial motions, he was sentenced to a term of imprisonment of two to five years.[1] This appeal followed.

Appellant contends that the lower court erred in granting the Commonwealth's petition, filed pursuant to Pa.R.Crim.P. 1100, to extend the time for commencement of trial. We agree and, for the reasons set forth herein, reverse the judgment of sentence and order appellant discharged.

Appellant was arrested by complaint filed on August 30, 1977. His trial, therefore, should have commenced on or before February 26, 1978. However, on February 23, 1978, the Commonwealth timely petitioned the court for an order

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. The term of imprisonment was imposed for the conspiracy conviction. Appellant also received concurrent seven–year probationary periods on each of the other charges.

extending the time for commencement of trial.[2] A hearing on that request was scheduled for March 16, 1978 to determine whether the Commonwealth had exercised due diligence in its efforts to commence trial within the prescribed 180–day period.

Following "hearing"[3] the court issued a finding of due diligence and extended the final trial date to April 3, 1978.[4] The trial court's finding was based upon two notations appearing in the court records.[5] They indicated that on December 20, 1977 the case was "Ready–Not Reached", and thus continued to January 24, 1978, on which date it was further continued to February 15, 1978 because the complainant arrived after the court had adjourned.

Contrary to appellant's contention that the lower court erred in relying upon such court records, this court has impliedly permitted such use. *Commonwealth v. Gibson*, 248 Pa.Super. 348, 375 A.2d 132 (1977); *Commonwealth v. Kollock*, 246 Pa.Super. 16, 369 A.2d 787 (1977). Nevertheless, a review of the total record fails to reveal a sufficient display of due diligence by the Commonwealth.

2. Rule 1100(c) provides: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. *Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.* Any order granting such application shall specify the date or period within which trial shall be commenced." (Emphasis added)

3. The transcript reveals only the most cursory of "hearings". The lower court referred to select portions of the record; however, no testimony was presented despite the filing of an answer to the petition specifically denying the exercise of due diligence by the Commonwealth.

4. A subsequent petition for extension was filed by the Commonwealth and granted on April 21, 1978 further extending the final trial date to May 30, 1978; however, the propriety of that extension is not before us.

5. Form no. 30–92 (Rev. 11/75), which reflects the action taken at each case's various listings for trial.

In addition to the above notations recited by the trial court, the court records also disclose that the case was twice continued—on February 15, 1978 and February 22, 1978—solely as a result of the Commonwealth's failure to notify necessary witnesses.[6] It was, in fact, the latter postponement which gave rise to the petition for extension at issue.

No explanation was offered by the Commonwealth for such failure. Nor was evidence presented to show why, despite the unavailability of its witness on February 15 and February 22, 1978, the case could still not be commenced on or before February 26, 1978.

Since it is the Commonwealth which has the burden of establishing due diligence and, on the record before us, it has not done so, we are compelled to conclude that the lower court erred in granting the Commonwealth's petition for extension.

Judgment of sentence reversed, and appellant discharged.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

I dissent.

Once again, due to a too restricted interpretation of Rule 1100 we find a convicted mugger not in jail to which he was sentenced and where he belongs, but rather out on the streets of Philadelphia.

"Defendant was arrested on August 30, 1977, and charged with criminal conspiracy, aggravated and simple assault, and robbery, as of October Session, 1977, Information Nos. 848–850. These charges arose from the mugging of William Brown in the early morning hours of August 30, 1977, in the 5100 block of Baltimore Avenue in Philadelphia. Mr. Brown was walking home when he was approached by two men. One of them, later identified as Gregory Bush, spun Mr. Brown around, while the other assailant, defendant Alfonzo Postell, punched Mr. Brown

6. Those same records indicate the defense ready to proceed on each occasion.

in the face, knocking him to the ground. The two men continued to beat Mr. Brown while he was down and emptied his pockets (N.T. 3/30/78, 10–11, 14). Within minutes after the mugging, police apprehended Gregory Bush and returned him to the scene of the crime where he was positively identified (N.T. 3/30/78, 15–16). After obtaining a description of the second assailant, a police officer drove Mr. Brown around the neighborhood. About ten minutes later, defendant was spotted standing in a doorway approximately two blocks from the scene of the crime. Mr. Brown thereupon identified defendant as the second robber (N.T. 3/30/78, 16–17).

On February 23, 1978, following several delays, the Commonwealth timely filed a petition for extension under Pa.R.Crim.P. 1100(c). A hearing was conducted on March 16, 1978 before the Honorable Edward J. Blake, after which the Commonwealth's petition was granted and the time for commencement of trial was extended to April 3, 1978. A hearing on defendant's motion to suppress identification was thereafter held before the Honorable Bernard Snyder on March 30, 1978. The motion was held under advisement, necessitating the filing of a second petition for extension of time for the commencement of defendant's trial. This petition, filed on April 3, 1978, was litigated on April 21, 1978; Judge Blake granted this petition and extended the Rule 1100 run date to May 30, 1978.

On May 23, 1978, prior to the expiration of the amended Rule 1100 run date, Judge Snyder denied defendant's motion to suppress, and defendant immediately thereafter waived his right to a trial by jury. On that same date, defendant was jointly tried with co–defendant Gregory Bush before Judge Snyder, and was convicted of all charges. Following the denial of post–verdict motions on August 24, 1978, defendant was sentenced on Information No. 848 (criminal conspiracy) to a term of imprisonment of two to five years. Concurrent terms of 7 years probation were imposed on Informations Nos. 849 (aggravated assault) and 850 (robbery).

In defendant's appeal from the judgments of sentence, the sole issue raised is whether Judge Blake erred in granting the Commonwealth's first petition for extension under Rule 1100(c) and in extending the period for commencement of trial from the original February 27, 1978 run date to April 3, 1978." [1]

Rule 1100 Rules of Criminal Procedure

CHAPTER 1100. TRIAL

Rule 1100. Prompt Trial

(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

(b) For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial.

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

(d) In determining the period for commencement of trial there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

1. Commonwealth's brief, pages 1–2.

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded;

(e)

(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.

(2) When an appellate court has granted a new trial, or has affirmed an order of a trial court granting a new trial, the new trial shall commence within one hundred and twenty (120) days after the appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket.

1218

Rule 1100

## TRIAL

(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant.

(g) Nothing in this Rule shall be construed to modify any time limit contained in any statute of limitations.

This rule was interpreted in *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977), Opinion by Chief Justice Eagen, where it was said, 472 Pa. at 564, 372 A.2d at 826:

Initially, we rule that the Commonwealth has the burden of proving the requisites of Section (d) in order to

avail itself of an exclusion and must do so by a preponderance of the evidence. Compare *Commonwealth v. Ewell*, 456 Pa. 589, 319 A.2d 153 (1974). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we shall consider only the evidence presented by the Commonwealth and so much evidence as presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Smith*, 470 Pa. 220, 368 A.2d 272 (1977); *Commonwealth v. Johnson*, 467 Pa. 146, 354 A.2d 886 (1976).

"Since this defendant was arrested on August 30, 1977, Rule 1100(a)(2) of the Pennsylvania Rules of Criminal Procedure required that he be brought to trial no later than 180 days from the date on which the complaint was filed against him. Rule 1100(c), however, permits extensions of time for commencement of trial "if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth," and where the application for an order granting an extension is made prior to the expiration of the prescribed period.

In the instant case, the mandatory period commenced running on August 30, 1977, when defendant was arrested and a complaint was filed against him. One hundred eighty days from that date was February 26, 1978; however, since the 180th day fell on a Sunday, that day was omitted from the computation in accordance with 1 Pa.C.S. § 1908, making February 27, 1978 the relevant run date. See *Commonwealth v. Jones*, 258 Pa.Super. 50, 391 A.2d 667 (1978). On February 23, 1978, four days prior to the expiration of the mandatory period, the Commonwealth filed a petition for extension under Rule 1100(c). Defendant filed an answer to the petition on March 15, 1978, and after a hearing on March 16, 1978, Judge Blake granted the Commonwealth's petition, and extended the period for commencement of trial to April 3, 1978. Defendant argues that this extension was errone-

ously granted "in the absence of a showing of due diligence by the Commonwealth" (Defendant's Brief at 6).[2]

The criminal transcript in the instant case indicates that on four occasions between September 7, 1977 and October 6, 1977, the Commonwealth was unable to proceed due to continuances caused by either this defendant, the court, or the co–defendant.[3]

The official court record also shows that on December 20, 1977, the Commonwealth was again ready to proceed; however the case was not reached by the court and was continued to January 24, 1978. On that date, the presence of the complainant was impeded by transportation problems caused by snow, and the case was continued to February 15, 1978. Notations on the court continuance sheet signed by the Honorable Thomas White, indicate that the complainant finally arrived after court was adjourned, the delay having been caused by an accident on the "L" (i. e., elevated train).

While none of the above recited delays are automatically excludable from the computation of the prescribed period for commencement of trial, they nevertheless may justify an extension under Rule 1100(c), upon timely application. See e. g., *Commonwealth v. Brett*, 262 Pa.Super. 326, 396 A.2d

---

2. Defendant does not contest the subsequent extension of time granted by Judge Blake on April 21, 1978, upon timely application by the Commonwealth. This second petition for extension filed on April 3, 1978, was necessitated by the failure of the pre–trial motions court to decide defendant's motion to suppress prior to that date. Such "judicial delay" may justify the granting of a timely application for an extension of time in which to bring an accused to trial. See *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). In any event, this precise issue is not before this Court as defendant does not challenge this second extension.

3. Notations on the criminal transcript, confirmed by defendant in his Answer to Petition to Extend, indicate the following:

| 9/7/77 | Defense request lineups | Cont. to 9/21/77 |
| 9/21/77 | Judge unavailable | Cont. to 9/28/77 |
| 9/28/77 | Co-def's atty. FTA | Cont. to 10/5/77 |
| 10/5/77 | Co-def's atty. not available | Cont. to 10/6/77 |

777 (1978) (delay caused by co–defendant even though not agreed to by defendant, may provide sufficient grounds for extension of time); *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976) (a reasonable extension of time may be granted the prosecution on the basis of judicial delay); *Commonwealth v. Brown,* 252 Pa.Super. 365, 381 A.2d 961 (1977) (extension granted where defendant's preliminary hearing was continued on three occasions for purposes beyond the control of the Commonwealth); *Commonwealth v. Ehredt,* 485 Pa. 191, 195, 401 A.2d 358, 361 (1978) (plurality decision) and *Commonwealth v. Brown,* 252 Pa.Super. 369, 381 A.2d 961 (the unavailability of a Commonwealth witness may be the basis of an extension of time for commencement of trial).

In the instant case, the rescheduling of defendant's preliminary hearing on four occasions between September 7 and October 6, 1977, for reasons beyond the control of the Commonwealth, caused a delay of 29 days. The overcrowded court docket which caused defendant's case to be continued from December 20, 1977, to January 24, 1978, resulted in an additional delay of 35 days. And finally, the unavailability of the complainant on January 24, 1978, due to the snow and transportation difficulties, resulted in a further delay of 22 days.

Thus, for reasons entirely beyond the control of the Commonwealth defendant's trial was delayed 86 days. Yet, the extension granted to the Commonwealth, from February 27, 1978 to April 3, 1978, amounted to only 35 days.

Defendant nevertheless argues that it was improper for Judge Blake to rely on the entries in the Quarter Sessions file. This contention is without merit." [4]

I would affirm the judgment of sentence of Judge Edward J. Blake and I would find the limited extension granted by Judge Blake was reasonable and proper.

4. Commonwealth's brief, pages 2–3–4.