426 A.2d 1188

**COMMONWEALTH of Pennsylvania**

v.

**David Charles THOMPSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed March 13, 1981.

John R. Merrick, West Chester, for appellant.

James Robert Freeman, Assistant District Attorney, Phoenixville, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*, that the lower court erred in granting the Commonwealth's petition for an extension of time to commence trial under Pa.R.Crim.P. 1100(c). We agree and, accordingly, reverse the judgment of sentence and order appellant discharged.

Because the criminal complaint against appellant was filed on January 29, 1975, appellant's trial should have commenced on or before July 27, 1975, according to Pa.R. Crim.P. 1100(a)(2). Appellant's trial was ultimately scheduled for July 7, 1975. On that day, however, the case was continued at the Commonwealth's request because two crucial Commonwealth witnesses were not present. On July 14, 1975, the Commonwealth petitioned for an extension of time pursuant to rule 1100(c), alleging that the two witnesses, students at a nearby university, were "unavailable" because they were vacationing "at the shore" for the summer, and thus could not be served with subpoenas. At the hearing conducted on August 5, 1975, appellant presented his motion to dismiss pursuant to rule 1100(f). The lower court, however, granted the Commonwealth's petition for an extension despite the Commonwealth's failure to present any evidence whatsoever and the absence of a stipulation as to the pertinent facts. Trial was commenced on September 15, 1975, and resulted in a mistrial because of a hung jury. Subsequently, appellant was found guilty of receiving stolen property and criminal conspiracy. Following the denial of postverdict motions, and imposition of sentence, appellant brought this appeal.

In *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979), our Supreme Court discharged a criminal defendant because the Commonwealth had failed at an extension hearing to satisfy its burden of establishing its due diligence when it merely alleged that several key witnesses were unavailable. The Court stated:

The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c). Cf. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, in reviewing a hearing court's ruling that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell*, supra.

. . . .

At the "hearing," the assistant district attorney stated "good cause" for the grant of an extension existed because "[s]everal Commonwealth witnesses indicated that . . . they would not be available. . . .

Although the preponderance standard is the least burdensome standard of proof known to the law, *Commonwealth v. Mitchell*, supra, a bare statement by the Commonwealth's attorney that several witnesses are "unavailable," without more, does not establish "due diligence" within that standard. While the unavailability of a witness may be a relevant factor in determining whether an extension should be granted, see *Commonwealth v. Brown*, 252 Pa.Super. 365, 381 A.2d 961 (1977), "[m]ere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c)." *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 536, 390 A.2d 1366, 1367 (1978).

*Id.* 485 Pa. at 194, 401 A.2d at 360–61 (footnotes omitted). *See also Commonwealth v. McNeill*, 274 Pa.Super. 257, 263, 418 A.2d 394, 396–97 (1980); *Commonwealth v. Miller*, 270 Pa.Super. 178, 182–184, 411 A.2d 238, 240–41 (1979). Thus, because the Commonwealth failed to present more than its own bare allegations that, despite its due diligence, it was unable to commence trial within the rule 1100 period, we reverse the judgment of sentence and order appellant discharged.

Judgment of sentence reversed and appellant ordered discharged.

WATKINS, J., files a dissenting opinion.

WATKINS, Judge, dissenting:

I dissent.

The majority holds that the court erred in granting the Commonwealth an extension of time in which to bring the defendant to trial finding that the Commonwealth did not demonstrate by a preponderance of the evidence that it exercised due diligence.

The application for the extension of time, filed by the Commonwealth on July 14, 1975, was timely since the 180 day period mandated by *Pa. R. Crim. Pro. 1100*, did not expire until July 27, 1975. *Commonwealth v. Brown*, 251 Pa.Super. 179, 380 A.2d 436 (1977). I would hold that the Commonwealth had fulfilled its burden of due diligence when it explained that two key Commonwealth witnesses were "unavailable" for the trial due to their presence at the seashore during the summer when they were outside the subpoena power of the court. Therefore, I would hold that the court below acted properly when it granted the Commonwealth the extension of time it had requested.