429 A.2d 1126

**COMMONWEALTH of Pennsylvania,**

v.

**Byron LEVITT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed May 15, 1981.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

Following a non-jury trial, appellant was convicted of burglary and acquitted of attempted theft. Post-verdict motions were denied, and appellant was sentenced to ten to twenty-three months in prison. Because the Commonwealth has failed to prove due diligence in accordance with the mandate of Pa.R.Crim.P. 1100(c), appellant must be discharged.

This case involves a complicated set of facts, which must be identified in order to resolve appellant's claim that the court below erred in extending the time for trial under Pa.R.Crim.P. 1100(c). On November 10, 1977, two complaints involving two separate incidents were filed against appellant, Byron Levitt. Accordingly, the run date was May 9, 1978. Appellant was charged with burglary, theft by unlawful taking, and simple assault which had occurred on October 21, 1977, at information numbers 263 and 264, and with burglary and theft by unlawful taking which had occurred on November 2, 1977, at information number 262. After appellant was arrested and preliminarily arraigned on December 14, 1977, all charges were listed for a preliminary

hearing on December 21, 1977. But because a Commonwealth witness failed to appear on that date, the hearing was continued until January 4, 1978. On January 4, 1978, appellant was held for court. Appellant's cases were scheduled for trial on March 6, 1978. On this scheduled trial date, the assigned judge disqualified himself. At the second trial listing, on March 27, 1978, information number 262 was severed from informations 263 and 264 at defense request, and appellant went to trial only on information 263 and 264. These two informations are not the subject of this appeal. The date, April 14, 1978, was set for appellant's trial on information number 262. However, on April 14, 1978, the third trial listing, the assigned judge again disqualified himself. At the fourth trial listing, May 4, 1978, the case was continued to June 15, 1978, as being not reached by the court, both sides ready. On May 8, 1978, the Commonwealth filed a petition for extension under Rule 1100(c).

Rule 1100(c) in pertinent part provides that applications by the Commonwealth to extend time for trial may be granted "only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." The Commonwealth has the burden, by a preponderance of evidence, of showing that it has met the requirements of the rule: namely, that the application requesting extension has been filed prior to the expiration period for commencement of trial,[1] and that trial cannot be commenced within the prescribed period despite due diligence on the

---

1. In the instant case, the run date was May 9, 1978. The petition for extension was filed on May 8, 1978. Although appellant asserts that the petition was untimely filed because it was inadvertently captioned as Bill No. 263, rather than Bill 262, this claim is of no merit. Notwithstanding the captioning error of the petition, there can be no doubt that the May 8, 1978, petition was indeed a request for an extension of time on Bill 262. Proof of this lies in the fact that Bill 263 was disposed of on March 27, 1978, some one and one-half months prior to filing of the petition. Moreover, appellant was cognizant that the May 8, 1978, petition to extend pertained to Bill 262 as he filed a motion to dismiss, specifically for Bill No. 262, and appellant also concedes that the caption was changed to "Bill 262" prior to the hearing on the extension request. Such an inadvertent typing error, then, does not cause the petition to be untimely.

part of the Commonwealth. *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979).

Instantly, the Commonwealth's form petition for extension asserted due diligence based solely upon the grounds that the Commonwealth had been ready to proceed on April 14, 1978,[2] and on May 4, 1978. Although not expressly articulated, the basis for the Commonwealth's request was judicial delay since the two listings relied upon in the petitions were the April 14th date when the judge disqualified himself and the May 4th date when the case was continued as not reached. Appellant responded to the Commonwealth's petition by filing a petition to dismiss. At the extension hearing, held June 23, 1978,[3] the Commonwealth offered no testimony in support of its application to extend. The lower court merely noted the continuances of March 27, April 14, and May 4 and granted the extension stating: "We have a timely filed petition then we have a request for severance. We have a judge disqualifying. We have a not reached."

Although judicial delay may justify an extension, the prosecution must yet provide a record showing of due diligence and certification that the trial is scheduled for the earliest date consistent with the court's business. This was not accomplished in the case at bar. Moreover, where, as here, the delay is due to the court's inability to try defendant within the prescribed period, the record must also show the causes of the court delay and the reason why the delay could not be avoided. *Commonwealth v. Hoffman*, 255 Pa.Super. 66, 386 A.2d 138 (1978). *See also Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Mines*, 282 Pa.Super. 157, 422 A.2d 876 (1980); *Commonwealth v. Berry*, 271 Pa.Super. 466, 414 A.2d 130

**2.** Although the Commonwealth admits readiness on April 14, 1978, the record does not substantiate this.

**3.** We note that although the Commonwealth filed its petition within the period set by Rule 1100, the court did not hold a hearing on the petition until after the period had run. Again, we must disapprove of this practice because of the obvious risk involved. *See Commonwealth v. Metzger*, 249 Pa.Super. 107, 375 A.2d 781 (1977).

(1979); *Commonwealth v. Weber*, 256 Pa.Super. 483, 390 A.2d 206 (1978). In the instant case there is no record showing of due diligence. The Commonwealth failed to support its claim of due diligence at the extension hearing, and the lower court did not address the issue of due diligence when ordering the extension. Absent any indication that the judicial delay was unavoidable and that the case could not have been scheduled for trial ahead of other cases which did not suffer similar Rule 1100 problems,[4] *Commonwealth v. Crowley*, 281 Pa.Super. 26, 421 A.2d 1129 (1980),[5] we conclude that the "judicial delay" here did not justify the time extension granted the Commonwealth.

Accordingly, we reverse appellant's conviction and discharge appellant.

WATKINS, J., dissents.

4. May 4, 1978, the fourth and last scheduled trial date, was a Thursday. On that date, the record reveals the case was "not reached," but fails to state the reasons for its not having been reached. Moreover, there were three available days remaining prior to the Rule 1100 expiration date, which was May 9, 1978, a Tuesday.

5. Allocatur granted by our Pennsylvania Supreme Court on February 23, 1981 at No. 81-3-373.