434 A.2d 1260

**COMMONWEALTH of Pennsylvania,**

v.

**Frank DELPIANO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Sept. 4, 1981.

511

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

After a nonjury trial, Appellant was found guilty of Receiving Stolen Property.[1] Appellant's post-verdict motions were denied, and Appellant was sentenced to three

1. 18 Pa.C.S.A. § 3925.

years probation. This is an appeal from the judgment of sentence. For the following reasons, we reverse and discharge Appellant.

The complaint was filed against Appellant on December 12, 1978; and the run date was June 11, 1979. On May 10, 1979, Appellant filed a motion to suppress; and the court continued the case until June 21, 1979. On June 6, 1979, the Commonwealth filed the first petition for an extension under Rule 1100(c).[2] The petition was granted on June 7, 1979; and the trial was scheduled for June 25, 1979. On June 21, 1979, the Commonwealth filed a second Rule 1100(c) petition, alleging, "Detective ill." The judge was also ill on June 21. On July 19, 1979, the court granted the Commonwealth's second petition and extended the trial date to August 17, 1979.

The Commonwealth filed a third Rule 1100(c) petition on August 17, 1979. This petition averred, "Aug. 15, 1979—arresting officer on vacation." The court granted the aforesaid petition on September 26, 1979, and extended the trial date to October 3, 1979. On this date, the Commonwealth filed a fourth petition for extension under Rule 1100(c). This petition averred, "Court closed due to Papal Visit." The judge granted this petition on October 19, 1979, and extended the trial date to October 23, 1979. On this date, Appellant's trial was finally commenced; and Appellant was found guilty of Receiving Stolen Property. The property consisted of three rifles. On January 7, 1980, the Court denied Appellant's post-trial motions and sentenced Appellant to three years probation.

2. Pa.R.Crim.P., 1100(c), 42 Pa.C.S.A., states:

At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

Appellant contends that the Court erred in granting the Commonwealth's second, third, and fourth petitions for an extension under Rule 1100(c). Appellant does not contest the first extension since the Court had Appellant's motion to suppress under advisement at the expiration of the original run date.

■ The Commonwealth's second Petition for Extension under Rule 1100(c) is a one-page form petition with boiler-plate which avers that, despite the Commonwealth's exercise of due diligence, the case could not be tried before the run date. The only exercise of due diligence listed by the Commonwealth was: "June 21, 1979—Detective ill." The hearing on this petition was held on July 19, 1979. Despite a request by defense counsel that the Commonwealth present testimony concerning whether or not the case could have been listed for trial before the run date, the judge granted the petition without any testimony from the Common-wealth.[3]

**3.** The entire hearing on July 19, 1979, consisted of the following dialogue between the court and defense counsel:

THE COURT: On 6–7 we extended to 6–25. 6–21 the entry is Judge and Detective ill.

That's obviously Court delay. If not, it's a legitimate reason, the detective was ill.

MR. GORDON [Defense Counsel]: I would just ask if the Court would accept testimony from the Commonwealth that they could have listed the case again before the run date.

I am also handing up a written petition and incorporating the arguments therein.

THE COURT: Who is going to give me the testimony?

MR. GORDON: The District Attorney in Court that day may have some information as to the illness. Maybe it could have been listed before the run date. I think the Record would be incomplete without that.

THE COURT: We're talking about two different things. Sure, I'm not going to sit here and say that the Judge and detective were ill from 6–21 to 8–15.

My understanding is we can bring it in in every case, if we want to stay here, that the Criers in the courtrooms are given the first available date and that's the date they give for the continuances. We had the Trial Commissioners testify a hundred times.

If you think the law is that you have to have that case listed as soon as that illness is over, you're protected on the Record. But I take the position that on 6–21 that was the first available date.

*Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), established the requirements, with which the prosecution must comply, before the trial court may grant a Rule 1100(c) extension:

> Henceforth, the trial court may grant an extension under rule 1100(c) *only* upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided. [Emphasis added.]

*Id.*, 469 Pa. at 222, 364 A.2d at 1349–50. In the instant case, the Commonwealth did not present any evidence either to support its claim of having exercised due diligence or to establish that the trial was scheduled for the earliest possible date. Since the Commonwealth failed to meet its burden of proof, the second Rule 1100(c) petition should not have been granted.

Even assuming that the lower court did not err in granting the second Rule 1100(c) petition, our consideration of the record reveals that the court erred in granting the third petition.

The Commonwealth's third petition is also a one-page form petition with boilerplate allegations that, despite the Commonwealth's exercise of due diligence, the case could not be tried before the run date. As stated above, the reason why Appellant could not be tried was that the arresting officer was on vacation. At the Rule 1100(c) hearing on September 26, 1979, the Commonwealth did not present any testimony to support its petition for an extension.

*Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979), presented a situation analogous to the facts of the

I'll analogize it to a baseball game. You get up, take your three swings. You don't get up again until eight other guys bat, and that's the way it is in Philadelphia.

I'll extend to 8–17.

instant case. In *Ehredt*, the district attorney argued that "good cause" existed for an extension because several Commonwealth witnesses would not be available. The *Ehredt* Court held that "a bare statement by the Commonwealth's attorney that several witnesses are 'unavailable' without more, does not establish 'due diligence' within that standard" (i. e. proof of due diligence by a preponderance of the evidence). *Id.,* 485 Pa. at 195, 401 A.2d at 361. The Supreme Court proceeded to quote *Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 537, 390 A.2d 1366, 1367 (1978), for the principle that " '[m]ere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c).' " 485 Pa. at 195–196, 401 A.2d at 361.

In the instant case, the Commonwealth's petition merely asserts that it exercised due diligence and that the arresting officer was on vacation. Under *Ehredt* and *Antonuccio,* such assertions and unproven facts do not establish cause for a Rule 1100(c) extension.

Under *Mayfield,* the Commonwealth was required to present evidence on the record to establish both the exercise of due diligence and that the delay could not have been avoided. The Commonwealth failed to provide any testimony at the hearing on September 26, 1979.

At this hearing, counsel for Appellant expressed his belief that the Commonwealth, at the beginning of the summer, had a list of the police officers' vacation schedules.[4] Accordingly, Appellant's counsel requested evidence from the Commonwealth concerning why the Appellant's trial had been listed for a date when the arresting officer was on vacation.

---

4. The hearing on September 26, 1979, consisted of the following dialogue between the court and defense counsel:

   COURT CRIER: Number 67, Frank DelPiano [sic].

   THE COURT: Is this Rule 1100, also?

   MR. BRY [Defense Counsel]: My indication is that on July 14, 1979, the Rule was extended to August 17, 1979. On August 15, 1979, there was a Commonwealth request for a continuance.

   I, therefore, believe it is now incumbent upon the Commonwealth and their burden to present evidence as to why they requested a continuance.

   THE COURT: Police Officer on vacation.

The aforesaid request for the Commonwealth to produce evidence was ignored by both the Commonwealth and the trial judge. Under *Mayfield, Antonuccio,* and *Ehredt,* the Commonwealth in the instant case has failed to meet the burden of proving either its exercise of due diligence or that the case could not have been scheduled for an earlier date. Because the Commonwealth failed to meet its burden of proof, the trial court erred in granting the Rule 1100(c) extension. *Commonwealth v. Levitt,* 287 Pa.Super. 115, 429 A.2d 1126 (1981); *Commonwealth v. Thompson,* 285 Pa.Super. 155, 426 A.2d 1188 (1981); *Commonwealth v. McNeill,* 274 Pa.Super. 257, 418 A.2d 394 (1980).

For the foregoing reasons, the judgment of sentence is reversed, and Appellant is ordered discharged.

BROSKY, J., files a concurring opinion.

MR. BRY: I believe that the Commonwealth has a list at the beginning of the summer schedule of all the police officers. I think they need to present evidence in this case as to why the case was listed.

THE COURT: Police officer on vacation.

COURT CRIER: Yes, Sir.

THE COURT: That should suffice.

MR. BRY: Judge, I believe—

THE COURT: Is this for the record?

MR. BRY: Yes. I believe the District Attorney has notice at the beginning of the summer, the schedule of all the police officers. And if they list the case on a date when they have prior knowledge that the officer is going to be on vacation, when the case is going to run two days after that, I don't believe that that is due diligence.

If Your Honor is indicating there is a possibility in this case the schedule was some how changed, I hear no testimony or evidence to that effect. And I believe the District Attorney has a burden of coming forward and showing when they knew the officer was on vacation, why he failed to appear, and what efforts were made to relist the case before the rundate. or—

THE COURT: *Commonwealth vs. DelPiano* [sic], on 6/7/79 Judge Blake extended to 6/25, 6/21 to 8/15 the Judge was ill and a detective was ill, no excludable days. 8/15 to 10/3, police officer on vacation, no excludable days. Petition timely filed 6/22/79.

COURT CRIER: Trial date 10/3.

THE COURT: New date, 10/5.

MR. BRY: Could we have a must be tried?

THE COURT: All right.

Obviously, both this and the hearing on July 19, 1979, fail to meet any of the *Mayfield* requirements discussed above.

BROSKY, Judge, concurring:

I agree with the majority and concur in the result reached by the majority, but believe that we should respond to the Commonwealth's contention that the record amply supports the Rule 1100 motions court judge's decision to grant the Commonwealth's June 21, 1979 petition for an extension. Rule 1100(c).

In *Commonwealth v. Postell*, 280 Pa.Super. 550, 552, 421 A.2d 1069, 1070 (1980), we said:

> Contrary to appellant's contention that the lower court erred in relying upon such court records, this court has impliedly permitted such use. *Commonwealth v. Gibson*, 248 Pa.Super. 348, 375 A.2d 132 (1977); *Commonwealth v. Kollock*, 246 Pa.Super. 16, 369 A.2d 787 (1977).

In the instant case, the Rule 1100 motions court judge decided that due diligence had been undertaken by the Commonwealth when he noted that the record indicated that both the trial judge and the detective were ill. The Commonwealth's second extension petition contended only that an extension was necessary because the Commonwealth's witness, the detective, was ill. Clearly, the Commonwealth did not prove that it had acted with due diligence. Their petition and the record states no more than a bald assertion that the detective was ill. This assertion is clearly insufficient. To hold otherwise would lessen the Commonwealth's burden to an insignificant level similar to that found in form petitions. *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979).

Thus, the analysis we presented in *Commonwealth v. Postell*, supra, is not applicable herein. I would not hold that the Commonwealth has proven due diligence, based upon facts contained in the record, which were noted by the trial court, except under the very limited circumstance where the delay was clearly and exclusively caused by the administration of the judicial system and the Commonwealth's petition claims that the extension is required because of those judicial delays.

I agree with the members of majority where they opine that the trial court improperly granted the Commonwealth's June 21, 1979 petition for an extension. Therefore, Delpiano was brought to trial in violation of Rule 1100 and accordingly must be discharged.