449 A.2d 684

**COMMONWEALTH of Pennsylvania**

v.

**Gregory Scott LEIB, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1981.

Filed Aug. 13, 1982.

John Thompson, York, for appellant.

William H. Poole, Jr., Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant was found guilty by a jury of driving while under the influence of alcohol. Post-trial motions were denied and appellant was sentenced to a term of one (1) to twelve (12) months imprisonment. Additionally, appellant was fined two-hundred and fifty ($250.00) dollars plus costs. This direct appeal followed.

Appellant raises several contentions for our review, including inter alia, that he was denied his right to a speedy trial pursuant to Pa.R.Crim.P. 1100. We agree and accordingly reverse.

The procedural disposition of the case below involved the following facts:

On June 13, 1979, a written complaint was filed charging appellant with driving while under the influence of alcohol. Appellant appeared before a district magistrate on June 25, 1979 where he, without benefit of counsel, waived his right to a preliminary hearing. On June 26, 1979, appellant's counsel sent a letter to the district attorney's office requesting the case to either be remanded for a preliminary hearing or reconsideration be given concerning appellant's eligibility for ARD.[1] There was no further development until July 20, 1979, when the case was returned to the magistrate for a preliminary hearing. The preliminary hearing was originally scheduled for August 29, 1979, but was continued to September 11, 1979, at defense counsel's request. Subsequently, at the preliminary hearing, the Commonwealth established a *prima facie* case and the matter was returned to the district attorney's office on September 14, 1979. In

---

1. Pa.R.Crim.P. 175, et seq.

light of the fact that appellant had not been arraigned at this point in time, and would not be arraigned until December 3, 1979, the Commonwealth, on November 26, 1979, filed a petition to extend under Pa.R.Crim.P. 1100(c). After a hearing on the matter, the lower court granted the Commonwealth's petition, and extended the trial run date to the January Term of court, beginning on January 14, 1980. Appellant was eventually tried and convicted on January 14, 1980.

The original run date under Rule 1100 in this case would have been December 10, 1979. The Commonwealth in its petition to extend, stated that it could not bring appellant to trial as required by Rule 1100, specifically alleging that:

> ... the following periods of delay are properly excludable because of the unavailability of the defendant or his attorney or because of any continuances in excess of thirty (30) days granted at the request of the defendant or his attorney: this case was listed for arraignment on July 20, 1979, at which time a request was made by defense counsel to remand the case for a preliminary hearing. This request was granted and the preliminary hearing was held on September 11, 1979, following a continuance of the hearing scheduled for August 29, 1979, by defense counsel. This case was then mistakenly listed for trial during the September, 1979, and November, 1979, Sessions of Criminal Court, when, in fact, the defendant has not yet been arraigned. This case will be listed for arraignment and the case will be rescheduled for the January, 1980, Session of the Criminal Court.

The Commonwealth further alleged that it had exercised due diligence in attempting to bring the case to trial within the appropriate time period but failed to do so because of the facts set forth above.

The lower court granted the Commonwealth's petition to extend on the basis that the appellant's request of June 26, 1979 to return the case for a preliminary hearing constituted a request for a continuance and that all time in excess of thirty (30) days necessary to schedule the hearing had to be

excluded. The lower court also believed that since appellant wanted to be placed on the ARD program, the time the district attorney's office spent considering his eligibility (June 26, 1979 to July 20, 1979) was also excludable. In general terms, without the computation of specific time periods or dates, the lower court, none the less, found there was sufficient excludable time present in this case to schedule the trial sometime in the January Term of 1980. We disagree.

Rule 1100(c) provides that:

At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite *due diligence* by the Commonwealth. Any order granting such application shall specify the date as period within which trial shall be commenced. (Emphasis added).

Time is properly excluded under Rule 1100(d) if either of the following can be shown:

(1) the unavailability of the defendant or his attorney;
(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

■■■ It is a well settled proposition that the Commonwealth had the burden of proving, by a preponderance of the evidence, that any delays beyond December 10, 1979, were to be excluded in computing the mandatory period. E.g., *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Garrison*, 277 Pa.Super. 18, 419 A.2d 638 (1980). Further, "in reviewing a hearing court's ruling that the Commonwealth has met its burden, we shall consider only the evidence presented by the Commonwealth and so much evidence as presented by the defense as, fairly read in

the context of the record as a whole, remains uncontradicted." *Commonwealth v. Mitchell*, supra, 472 Pa. at 564, 372 A.2d 831.

At the extension hearing, the assistant district attorney merely reiterated the allegations presented in the Commonwealth's petition to extend, specifically contending that despite due diligence by the Commonwealth, appellant could not be brought to trial within 180 days. However, there was not a scintilla of evidence produced at this hearing to support a finding by the lower court that the Commonwealth had exercised due diligence in bringing appellant's case to trial within that original run date. There was no explanation as to why it took approximately three (3) months to reschedule appellant's preliminary hearing[2] and why a period of about six (6) months passed before appellant's arraignment. This period of delay cannot be attributed to appellant or his attorney. Even if the time the district attorney's office spent considering appellant's request for ARD were excludable, such a period (June 25, 1979 to July 20, 1979 or 25 days) would not be sufficient to justify appellant's trial beginning on January 25, 1980. The Commonwealth admitted in this case that the reason appellant could not be tried during September or November was due to the fact that he had not as yet been arraigned. The Commonwealth offered no justification for the development of these particular set of circumstances and unequivocally failed to establish due diligence. Clearly, "mere assertions of due diligence and unproven facts, do not establish cause for an extension under Rule 1100(c)." *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 537, 390 A.2d 1366, 1367 (1978); See *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979).

We hold, therefore, in the absence of any evidence to substantiate a finding of due diligence on the part of the

2. The preliminary hearing was originally scheduled for August 29, 1979. Pursuant to defense counsel's request for a continuance, the preliminary hearing was not held until September 11, 1979. Since this was a period of less than thirty (30) days, the time was not excludable under Rule 1100(d)(2).

Commonwealth, the lower court abused its discretion in excluding any time under Rule 1100(c) and (d), and appellant is accordingly discharged.[3]

Judgment of sentence reversed and appellant is discharged.

WICKERSHAM, J., files dissenting opinion.

WICKERSHAM, Judge, dissenting:

Following a jury conviction of drunken driving upon overwhelming evidence, the majority reverses and discharges the defendant by resort to a too rigid application of Pennsylvania Rule of Criminal Procedure 1100.

I DISSENT.

The facts of this case were set forth by the Honorable Emanuel A. Cassimatis in his opinion denying post-verdict motions:

> The record fully supports the verdict, as the defendant apparently concedes because the sufficiency of the evidence was not raised as a ground in the post verdict motions. The evidence shows that the defendant violated a section of the motor vehicle code while operating his car, when stopped by the police he had difficulty finding his cards when requested to show them, his eyes were dilated and bloodshot, he swayed and walked unsteadily, he did not reply properly to the police questions, his speech was slurred, he had an odor of alcohol on his breath, he admitted to drinking some beer just before driving and his breathalyzer test showed a .20. From this evidence the conclusion is overwhelming that he was under the influence of intoxicants at the time he operated his motor vehicle.

Lower ct. op. at 1–2.

In *Commonwealth v. Sharp*, 287 Pa.Super. 314, 430 A.2d 302 (1981), this court set forth the test for determining

---

**3.** We share the sentiments expressed in the dissenting opinion; however, they are not applicable to the facts of this case. Regardless of how we may personally feel about the final outcome of a given case, we are obligated nonetheless to abide by the law as enunciated by the Supreme Court of Pennsylvania.

whether the Commonwealth's motion for extension of time for trial beyond the prescribed period of 180 days, *see* Pa.R.Crim.P. 1100(a)(2), should be granted.

> " 'A court may grant the Commonwealth an extension of time for trial if it finds that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.' Pa.R.Crim.P. 1100(c)." *Commonwealth v. Miller*, 270 Pa.Super. 178, 182, 411 A.2d 238, 240 (1979). 'The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c).' *Commonwealth v. Ehredt*, 485 Pa. 191, 193, 401 A.2d 358, 360 (1979). (citations omitted). In reviewing the lower court's ruling that the Commonwealth has or has not met its burden of proving due diligence, we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which remains uncontradicted. *See Commonwealth v. Ehredt, supra,* 485 Pa. at 193, 401 A.2d at 360.

*Id.,* 287 Pa.Superior Ct. at 317, 430 A.2d at 304.

Justice Kauffman, speaking for the supreme court, recently stated that:

> Rule 1100 'serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society,' *Commonwealth v. Brocklehurst,* 491 Pa. 151, [153–54], 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson,* 487 Pa. 197 n.4, 409 A.2d 308 n.4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> . . . .
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental

speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*Commonwealth v. Genovese*, 493 Pa. 65, 69, 72, 425 A.2d 367, 369–70, 371 (1981).

This case must have been one of the type that Chief Justice Warren E. Burger had in mind when he addressed the American Bar Association at its winter convention in Houston, Texas on February 8, 1981. Chief Justice Burger said, *inter alia* :

Our search for justice must not be twisted into an endless quest for technical errors, unrelated to guilt or innocence.

. . . .

I put to you this question: is a society redeemed if it provides massive safeguards for accused persons including pretrial freedom for most crimes, defense lawyers at public expense, trials, and appeals, retrials and more appeals—almost without end—and yet fails to provide elementary protection for its law-abiding citizens?

What people want is that crime and criminals be brought under control so that we can be safe on the streets and in our homes and for our children to be safe in schools and at play, today that safety is very, very fragile.

. . . .

. . . and even this will be for naught if we do not re-examine our judicial process and philosophy with respect to finality of judgments. The idealistic search for perfect justice has led us on a course found nowhere else in the world. A true miscarriage of justice, whether 20,

30 or 40 years old, should always been open to judicial review, but the judicial process becomes a mockery of justice if it is forever open to appeals and retrials for errors in the arrest, the search or the trial.

N.Y. Times, Feb. 9, 1981, § D at 10.