473 A.2d 606

**COMMONWEALTH of Pennsylvania**

v.

**Vincent F. EVANS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 2, 1983.

Filed March 16, 1984.

58

59

Lawrence A. Kalikow, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

WIEAND, Judge:

Vincent Evans was tried nonjury and was found guilty of recklessly endangering another person because of the manner in which he operated a motor vehicle in the City of Harrisburg on October 10, 1977. He was sentenced to pay a fine and serve a short term of imprisonment in the Dauphin County Prison. On direct appeal, he contends (1) that the information was defective because it contained a rubber stamped facsimile of the district attorney's signature, and (2) that his trial was not held within the time constraints of Pa.R.Crim.P. 1100.

The first issue raised by appellant is controlled by the decision of the Supreme Court in *Commonwealth v.*

*Emanuel,* 501 Pa. 581, 462 A.2d 653 (1983). The Court there held that a rubber stamped facsimile of the district attorney's signature was sufficient compliance with the requirement of Pa.R.Crim.P. 225(b) that an information be signed by the attorney for the Commonwealth. Therefore, we discuss only the second of appellant's contentions.

Appellant was arrested and a criminal complaint was signed on October 10, 1977. The Rule 1100 run date was April 10, 1978.[1] On November 4, 1977, after preliminary hearing, the case was returned to court and appellant was released on bail. The bail certificate did not include the date on which any subsequent court appearance was required. Appellant did not appear for formal arraignment on January 4, 1978, and a *capias* was issued for his arrest. It was served on June 16, 1981, more than three years later. Trial commenced on August 3, 1981, obviously well beyond the run date. Because no petitions for extension of time had ever been filed, appellant was entitled to have the criminal charge against him dismissed unless the time from January 4, 1978 to June 16, 1981 was excludable. He filed a pre-trial motion to dismiss, which the trial court denied after hearing.

The Commonwealth had the burden of proving that this time was excludable. See: *Commonwealth v. Leib,* 303 Pa.Super. 272, 276, 449 A.2d 684, 686 (1982); *Commonwealth v. Iancovetti,* 298 Pa.Super. 441, 444, 444 A.2d 1257, 1259 (1982); *Commonwealth v. Goldwire,* 279 Pa.Super. 451, 453, 421 A.2d 286, 287 (1980). In *Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978), the Supreme Court held that "a defendant on bail who fails to appear at a court proceeding, *of which he has been properly notified,* is unavailable from the time of the proceeding until he is subsequently apprehended or until he voluntarily surrenders himself. In such a case the Commonwealth is entitled to an exclusion of this period under section (d)(1) without

---

1. The 180th day was April 8, 1978, a Saturday. The last day on which trial could properly commence, therefore, was Monday, April 10, 1978.

the requirement of a showing of its efforts to apprehend the defendant during the period of his absence." *Id.*, 481 Pa. at 356, 392 A.2d at 1331 (emphasis added). Proper notice is notice which is reasonably calculated to give actual notice. See: *Commonwealth v. Snyder*, 280 Pa.Super. 127, 132–133, 421 A.2d 438, 440–441 (1980). If the Commonwealth fails to prove proper notice, it must establish that it was unable to locate the defendant despite the exercise of due diligence. *Commonwealth v. Snyder, supra*, 280 Pa. Superior Ct. at 133, 421 A.2d at 441. See also: *Commonwealth v. Minoske*, 295 Pa.Super. 192, 204, 441 A.2d 414, 420 (1982).

"[I]n reviewing a hearing court's ruling that the Commonwealth has met its burden, we shall consider only the evidence presented by the Commonwealth and so much evidence presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Leib, supra* 303 Pa.Super. at 276–277, 449 A.2d at 686, quoting *Commonwealth v. Mitchell*, 472 Pa. 553, 564, 372 A.2d 826, 831 (1977). Accord: *Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979); *Commonwealth v. Dixon*, 295 Pa.Super. 425, 428, 441 A.2d 1305, 1307 (1982). Although a hearing court's findings will normally command great deference, such findings will be reversed on appeal if the findings are not supported by evidence. *Commonwealth v. Hamlin*, 503 Pa. 210, 215–16, 469 A.2d 137, 139 (1983) (plurality opinion); *Commonwealth v. Hall*, 475 Pa. 482, 486–487, 380 A.2d 1238, 1240–1241 (1977); *In re Estate of Lohm*, 440 Pa. 268, 274, 269 A.2d 451, 455 (1970); *Jon M.W. v. Brenda K.*, 279 Pa.Super. 50, 55, 420 A.2d 738, 741 (1980); *Commonwealth v. Dunklin*, 219 Pa.Super. 189, 193, 280 A.2d 629, 631 (1971).

■ In the instant case, the Commonwealth offered no evidence. Appellant testified that he did not receive notice of arraignment on January 4, 1978. He said that he had been a continuous resident of Harrisburg and had been employed by the Polyclinic Hospital. His testimony was uncontradicted. The trial court nevertheless disregarded

appellant's testimony and relied upon an unsworn statement by the prosecuting attorney that "defendant was sent notice to appear for arraignment." The court found as a fact not only that notice had been given, but also that it had been proper notice. This was error. There simply was no evidence to support the trial court's finding. No witness testified that notice had been sent. The district attorney's unsworn statement was inadequate to permit a finding that notice had been given. An unsworn statement by the prosecuting attorney is not evidence and is insufficient to establish a fact which the Commonwealth is required to prove. See: *Commonwealth v. Ehredt, supra* 485 Pa. at 195, 401 A.2d at 360–361; *Commonwealth v. Delpiano,* 290 Pa.Super. 510, 515–516, 434 A.2d 1260, 1263 (1981); *Commonwealth v. Thompson,* 285 Pa.Super. 155, 156–157, 426 A.2d 1188, 1189–1190 (1981); *Commonwealth v. McNeill,* 274 Pa.Super. 257, 261–262, 418 A.2d 394, 396–397 (1980). Cf. *Borough of Glenfield v. C. & E. Motors, Inc.,* 22 Pa.Cmwlth. 115, 118, 347 A.2d 732, 733 (1975). Moreover and in any event, the district attorney's statement in this case was wholly inadequate to support a finding that *proper* notice had been given. The record is wholly silent regarding the nature of the notice or the manner in which it had allegedly been given.

■ The trial court, in denying appellant's post trial motions, relied upon information recited by the Commonwealth in its brief, filed in the court below, to the effect that formal, written notice of the date of arraignment had been sent to appellant by prepaid letter, properly addressed. If the Commonwealth had offered evidence of these facts at the pre-trial hearing on appellant's motion to dismiss, we would unhesitatingly agree that such evidence, if believed, would have been sufficient to give rise to a presumption that notice of the arraignment had been received by appellant. This evidence would have supported a finding of proper notice. In that event, the decision in *Cohen* would have been determinative. The fact is, however, that no such evidence was offered or received. An averment of

fact appearing only in a Commonwealth brief, filed in the trial court in opposition to appellant's post-verdict motion in arrest of judgment, was not an adequate substitute for evidence. See: *Commonwealth v. Young*, 456 Pa. 102, 114–115, 317 A.2d 258, 264 (1974) (only facts in record may be considered by appellate court); *McAllonis v. Pryor*, 301 Pa.Super. 473, 448 A.2d 5 (1982) (information in brief not evidence in record); *Commonwealth v. Rini*, 285 Pa.Super. 475, 481–483, 427 A.2d 1385, 1389–1390 (1981) (a court may not consider allegations in a brief which are not in the record); *Commonwealth v. Doyle*, 275 Pa.Super. 373, 390, 418 A.2d 1336, 1345 (1979) (a court may not accept as fact a statement that appears only in a party's brief); *Commonwealth v. Reidenbaugh*, 266 Pa.Super. 315, 323–324, 404 A.2d 697, 701 (1978) (letter attached to brief not part of record); *Solomon v. Corleto*, 20 Pa.Cmwlth. 361, 366–367, 340 A.2d 920, 922–923 (1975) (information attached to briefs is not evidence). Moreover, the briefs filed post trial in the trial court and relied upon by that court were not made a part of the record on appeal. They are not before us. For these reasons, we are unable to accept the Commonwealth's assertion that notice was mailed to appellant. The fact is, as the record unequivocally discloses, that the Commonwealth was given ample opportunity to offer evidence at the pre-trial hearing, but declined to do so. It offered no evidence whatsoever to prove that any notice of the arraignment had ever been given to appellant.

The trial court said that it disbelieved appellant's testimony that he had received no notice of arraignment. The burden, however, was not on appellant to prove lack of notice; the burden, rather, was on the Commonwealth to prove that proper notice had been given. The fact that the trial court chose to disbelieve appellant's testimony did not relieve the Commonwealth from its burden of proving proper notice. Unfortunately for its purposes, the Commonwealth failed to offer any evidence that such notice had been given. Similarly, the Commonwealth failed to prove that due diligence had been exercised in attempting to find

appellant. Indeed, there was no evidence that any attempt whatsoever had been made to find appellant during the three years in which the case remained untried.

■ The Commonwealth has already had full opportunity to prove that this period was excludable. To remand for an additional hearing would be to allow the Commonwealth an impermissible "second bite." *Commonwealth v. Akridge*, 492 Pa. 90, 422 A.2d 487 (1980). Therefore, appellant must be discharged.

The judgment of sentence is reversed, and appellant is discharged.