J-S36028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALLACE FLOYD KELCE, JR. | : | No. 1443 MDA 2018 |

Appeal from the Order Entered July 30, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001956-2007

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 16, 2019**

Appellant, the Commonwealth of Pennsylvania ("the Commonwealth"), appeals from the July 30, 2018 order granting Wallace Floyd Kelce, Jr.'s ("Kelce") Pa.R.Crim.P. 600 motion to dismiss and dismissing the charges against him with prejudice. After careful review, we affirm.

The trial court summarized the relevant procedural and factual history, as follows:

> On August 10, 2007, [Kelce] allegedly drove a vehicle after imbibing a sufficient amount of alcohol that he was rendered incapable of safely driving. At that time, [Kelce] resided at 25 Sweetbriar Drive, Newport News, VA 23606. The police filed a criminal complaint charging [Kelce] with Driving Under the Influence (DUI) and related offenses on September 20, 2007. The preliminary hearing was scheduled for November 5, 2007, but [Kelce] failed to appear. The Magisterial District Judge held the preliminary hearing in [Kelce's] absence and requested that a bench warrant be issued by the court of common pleas. A bench warrant was issued on November 13, 2007. The bench warrant

_____

\* Retired Senior Judge assigned to the Superior Court.

was vacated on May 11, 2018, and [Kelce] was released on unsecured bail.

On May 31, 2018, [Kelce] filed a motion to dismiss pursuant to Rule 600. On July 20, 2018, the court held a hearing and argument on [Kelce's] motion. On July 30, 2018, the court granted the motion, finding that the Commonwealth had not met its burden establishing proper notice or due diligence.

* * *

At the hearing, the Commonwealth did not present any testimony. Instead, the Commonwealth introduced three exhibits. Commonwealth Exhibit 1 was the first page of the transcript from the Magisterial District Judge (MDJ), which in Box 20 indicated that the summons was issued on 9/28/07 and in Box 22 indicated that the summons was returned on 10/09/07. Commonwealth Exhibit 2 was the bench warrant issued by [the court of common pleas of Lycoming County] for [Kelce's] failure to appear at the preliminary hearing on 11/5/07. Commonwealth's Exhibit 3 was the DL-26 chemical test warnings form signed by [Kelce], which listed [Kelce's] address as "25 Sweetbriar Drive, Newport News, VA 23606-3904."

[Kelce] testified he never received the summons, either by certified mail or first class mail. In fact, he stated he never received any mail from the MDJ. He also testified that he was not aware of the charges, the preliminary hearing date or the bench warrant until he was arrested by the Newport News police in May of 2018. The police told him he was being arrested for failure to appear in Pennsylvania and took him before a judge. The judge released him, and he returned to Pennsylvania and voluntarily surrendered on May 11, 2018. [Kelce] admitted that 25 Sweetbriar Drive was his address in the fall of 2007 and continued to be his address for about a year thereafter at which point he moved to 77 Middlesex Road and filed the appropriate change of address forms with the United States Postal Service. Throughout this case, [Kelce] has resided in Newport News, Virginia. [Kelce] stated that if he had received the summons, he "would have been there" for the preliminary hearing.

[Kelce] argued that he was never aware of the charges and that once he became aware, he voluntarily surrendered. [Kelce] claimed that the Commonwealth must prove that he was served

- 2 -

with the complaint and that it took reasonable and diligent efforts to locate him; without such proof it would be "unfair" to prosecute [him] almost 11 years after the alleged crime. [Kelce] asserted that the Commonwealth violated Rule 600 by not bringing him to trial within one year of the date the charges were filed against him.

The Commonwealth argued that all of the time after the bench warrant was issued should be excluded. The Commonwealth asserted that the transcript from the MDJ showed that the summons was properly served. The Commonwealth further argued that once the bench warrant was issued, it no longer had a duty to exercise due diligence to locate [Kelce].

Trial Court Opinion, 12/13/18, at 1–4.

After reviewing the evidence and considering the parties' arguments, the trial court determined that "the Commonwealth did not establish proper notice or due diligence." Trial Court Opinion, 12/13/18, at 9. Accordingly, the trial court granted Kelce's Rule 600 motion and dismissed the criminal charges pending against him with prejudice. The Commonwealth filed a motion for reconsideration, which the trial court denied on August 18, 2018. On December 13, 2018, the trial court filed a Pa.R.A.P. 1925(a) opinion in support of its order dismissing the criminal charges under Rule 600.

The Commonwealth raises a single issue for our consideration:

Whether the trial court erred when it dismissed the charges against [Kelce] pursuant to Rule 600, when the Magisterial District Court proceeded with a preliminary hearing in the absence of [Kelce] and requested a bench warrant from the Court of Common Pleas when the specific, mandatory Rules of Criminal Procedure instruct the District Judge to proceed in the manner, which was shown by the docket and the bench warrant request, and the decision to proceed without notice is beyond the control of the Commonwealth and the reliance of the Magisterial District Judge

- 3 -

to proceed in the specific, mandatory language of the Rules of Criminal Procedure constituted due diligence.

Commonwealth's Brief at 8.

In evaluating a Rule 600 issue,

our standard of review of a trial court's decision is whether the trial court abused its discretion.  Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court.  An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600].  Rule [600] serves two equally important functions:  (1) the protection of the accused's speedy trial rights, and (2) the protection of society. . . .

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime.  In considering [these] matters . . . courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Horne*, 89 A.3d 277, 283–284 (Pa. Super. 2014)

(quoting *Commonwealth v. Ramos*, 936 A.2d 1097, 1100 (Pa. Super. 2007)

(*en banc*)).  "Due diligence is a fact-specific concept that must be determined

on a case-by-case basis," *Commonwealth v. Hunt*, 858 A.2d 1234, 1241–

1242 (Pa. Super. 2004) (quotation omitted), and the Commonwealth bears the burden of proving, by a preponderance of evidence, that it acted with the requisite diligence throughout the proceedings. *Commonwealth v. Kearse*, 890 A.2d 388, 393 (Pa. Super. 2005).

In pertinent part, Rule 600 mandates that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600 (A)(2)(a). Rule 600 further instructs:

> For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

This Court has outlined the requirements for the calculation of the relevant Rule 600 period:

> The first step in determining whether a technical violation of Rule 600 has occurred is to calculate the "mechanical run date." [*Commonwealth v. Aaron*, 804 A.2d 39, 42 (Pa. Super. 2002)]. The mechanical run date is the date by which the trial must commence under Rule 600. *Id.* It is calculated by ascertaining the number of days in which the Commonwealth must commence trial under Rule 600 and counting from the date on which the criminal complaint was filed. *Id.*

*Commonwealth v. Murray*, 879 A.2d 309, 313 (Pa. Super. 2005).

In the present case, there is no dispute the mechanical run date for Kelce's trial expired in 2008. The question on appeal is whether the ensuing

eleven years, between the time Kelce failed to appear at the preliminary hearing in November of 2007 and when he presented himself to the court in Lycoming County in 2018, is excludable time attributed solely to Kelce or whether the Commonwealth had the burden to demonstrate it exercised due diligence in bringing him to trial.

When conducting a Rule 600 calculation, the general rule is that delay caused by a defendant's willful failure to appear at a court proceeding of which he has notice is excludable. ***Commonwealth v. Barbour***, 189 A.3d 944, 956 (Pa. 2018). Conversely, if a defendant's failure to appear is reasoned by lack of proper notice, the Commonwealth must prove that it acted with due diligence in bringing that defendant to trial. ***Commonwealth v. Evans***, 473 A.2d 606, 608 (Pa. Super. 1984) ("If the Commonwealth fails to prove proper notice, it must establish that it was unable to locate the defendant despite the exercise of due diligence."). Thus, the first pertinent inquiry is whether Kelce's absence from the preliminary hearing was deliberate, or more pointedly, did the Commonwealth prove that Kelce had notice of the hearing.

Pa.R.Crim.P. 511 outlines the procedure for proper service of a summons and delineates what constitutes proof of service:

> (A) The summons shall be served upon the defendant by both first class mail and certified mail, return receipt requested. A copy of the complaint shall be served with the summons.

> (B) Proof of service of the summons by mail shall include:

> (1) a return receipt signed by the defendant; or

(2) the returned summons showing that the certified mail was not signed by the defendant and a notation on the transcript that the first class mailing of the summons was not returned to the issuing authority within 20 days after the mailing.

Pa.R.Crim.P. 511(A)(B)(1)(2).

With regard to the adequacy of the notice provided to Kelce in the case *sub judice*, the trial court concluded the following:

In this case, the Commonwealth was required to show either that proper notice of the preliminary hearing was sent to [Kelce] or that it exercised due diligence in serving the bench warrant or attempting to locate [Kelce]. It did neither.

[Kelce] credibly testified that he did not receive any mail regarding these charges and he was not aware of the charges, the preliminary hearing date or the bench warrant until May of 2018. While the evidence presented at the hearing clearly established that at the time the complaint was filed and the summons was issued, [Kelce's] address was 25 Sweetbriar Drive, Newport News, VA 23606, the Commonwealth did not present sufficient evidence to show that the summons was actually sent by certified mail and first class mail to that address.

* * *

The Commonwealth wanted the court to find that the summons was properly served based on Rule 511. The Commonwealth, however, failed to present evidence to show proof of service in accordance with Rule 511(B). The Commonwealth failed to present either the return receipt signed by [Kelce] or the returned summons showing that the certified mail was refused or unclaimed. The return receipt or the returned summons would have shown the address to which the summons was sent. There was nothing in the record to show that the Commonwealth attempted to obtain the summons or the return receipt from the MDJ office or any archives but was unable to do so due to the passage of nearly eleven years since the summons was issued. The Commonwealth also did not present any testimony from former MDJ Schriner, the current MDJ or any of their staff. Instead, the Commonwealth wanted the court to assume that the summons was properly addressed and mailed to

[Kelce] and the first class mail was not returned based solely on the address listed in box 6 and the dates recorded in boxes 20 and 22 of the MDJ transcript. The Commonwealth also wanted the court to interpret box 22, which states "Summons Returned 10/09/07" to mean that the summons was not returned to the MDJ but that it was served. Unlike the current MDJ transcripts, however, there are no clear notations to indicate whether the certified mail was accepted, refused or unclaimed or whether the first class mail was returned. Furthermore, merely because the correct address is listed on the MDJ transcript does not mean that the envelope used to mail the paperwork was addressed correctly.

Based upon [Kelce's] credible testimony that he never received the summons and the dearth of evidence presented by the Commonwealth to show that the summons was properly served, the court concluded that the Commonwealth failed to meet its burden to show proper notice.

Trial Court Opinion, 12/13/18, at 4–6.

The Commonwealth does not appear to dispute that proof of notice was technically deficient under Rule 511. Nor would a challenge to the trial court's conclusion that Kelce was not properly served succeed. Rule 511 requires that proof of service by mail shall include either "a return receipt signed by the defendant; or the returned summons showing that the certified mail was not signed by the defendant and a notation on the transcript that the first class mailing of the summons was not returned to the issuing authority within 20 days after the mailing." Pa.R.Crim.P. 511(B)(1)(2). In this case, the trial court conducted a hearing, took evidence, and heard argument. The court then decided that the Commonwealth's evidence, basically, a checked box on the magisterial docket, did not meet the requirements of Rule 511 and that Kelce testified credibly that he did not receive notice of the preliminary hearing. The trial court's analysis was supported by the record and grounded

in the law. There is no reason to conclude that the court's ruling was based on bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of the law. *See Ramos*, 936 A.2d at 1100 (trial court abuses its discretion when in "reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will," as shown by the record evidence.).

Having decided that the trial court's ruling on lack of service was not an abuse of discretion, it follows that Kelce's failure to appear at the hearing was not deliberate. Accordingly, the time between the preliminary hearing in November of 2007 and when Kelce appeared in court in Lycoming County in 2018, is not excludable time attributed to Kelce. Under these circumstances, the Commonwealth had the burden to demonstrate it exercised due diligence in bringing Kelce to trial. *Evans*, 473 A.2d at 608.

The trial court summarized the Commonwealth's effort to locate Kelce as follows:

> The Commonwealth . . . presented no evidence whatsoever as to any efforts that it made in trying to apprehend [Kelce]. In fact, the record is devoid of any attempts whatsoever made by anyone to locate [Kelce], to apprehend him or to execute the bench warrant on [Kelce]. Moreover, there was no evidence whatsoever that [Kelce] attempted to evade the police or that [Kelce] was instrumental in causing the delay.

Trial Court Opinion, 12/13/18, at 7 (footnote omitted).

The Commonwealth disagrees that it was required to exercise due diligence in locating Kelce after the bench warrant was issued. Rather, the Commonwealth defends its activity, or lack thereof, by its assertion that it

"relied upon the actions of the Magisterial District Judge, which indicated that [Kelce] was served with the summons and failed to appear at the [November 5, 2017] preliminary hearing, and therefore the delay was beyond the control of the Commonwealth." Commonwealth's Brief at 14. In support of this claim, the Commonwealth cites *Commonwealth v. Bradford*, 46 A.3d 693 (Pa. 2012), for the proposition that the Commonwealth is excused from its due diligence obligation when it relies upon "the minor judiciary following the specific, mandatory Rules of Criminal Procedure . . . ." *Id*. at 705.

In *Bradford*, the Pennsylvania Supreme Court reversed the decision of the trial court, affirmed by this Court, to dismiss charges against a defendant pursuant to Rule 600. Therein, the charges against the defendant were held for trial following a preliminary hearing, at which the Commonwealth was present. The magisterial district judge, however, failed to forward the preliminary hearing transcript to the Allegheny County Department of Court Records within five days of the hearing as required by Pa.R.Crim.P. 547(B). Because the Department never received the transcript, the case was not entered into the docketing system, and therefore, the docketing system did not generate a "CR number," an event which operated as a trigger for the district attorney's tracking system for Rule 600 run dates. After the defendant was not brought to trial within 365 days, he filed a Rule 600 motion to dismiss the charges. *Bradford*, 46 A.3d at 695–696.

Our Supreme Court concluded that the district attorney had exercised due diligence, reasoning:

the District Attorney herein had a system of monitoring cases. The system was triggered by electronic communication from the Office of Court Records, which, in turn, was initiated by the receipt of the transcript from the Magisterial District Judge. We do not find it unreasonable for the District Attorney to have relied upon the Magisterial District Judge's compliance with the Rules of Criminal Procedure to trigger its internal tracking system. While we might question the Commonwealth's diligence if it devised its system to be launched upon a district judge's adherence to a self-designed custom or practice, we conclude that here the District Attorney's office exercised due diligence, when it relied upon the minor judiciary following the specific, mandatory Rules of Criminal Procedure, which placed upon the District Judge the obligation to transmit timely papers to the common pleas court.

*Bradford*, 46 A.3d at 704–705 (footnote omitted).

The Commonwealth maintains that the magisterial district judge complied with the specific, mandatory rules when it determined that Kelce had notice of the preliminary hearing and failed to appear. The Commonwealth further asserts that the minor judiciary was thus authorized to conduct the preliminary hearing in Kelce's absence, hold the charges for court, and request a bench warrant for his arrest. The Commonwealth thus proclaims that it was entitled to rely on the magisterial district judge's representation that Kelce was served with the summons under the rules. The Commonwealth insists that this reliance is "critical" because if Kelce willfully did not appear at the preliminary hearing, then the over-ten-year between the preliminary hearing to when Kelce responded to the bench warrant would be excludable and the Commonwealth would not have to demonstrate due diligence. Commonwealth's Brief at 24.

The record supports the Commonwealth's claim that the magisterial district judge conducted the preliminary hearing in accordance with the procedural rules and, consistent with its determination, albeit incorrect, that Kelce received notice and failed to appear.[1] However, the Commonwealth's position that the magisterial district judge's compliance with the rules of criminal procedure in conducting the preliminary hearing negated its responsibility to act with due diligence is seriously flawed. While the Commonwealth was justified in relying on the magisterial district court's

_____

[1] Under Pa.R.Crim.P. 512 "[t]he defendant shall appear before the issuing authority for a preliminary hearing on the date, and at the time and place specified in the summons. If the defendant fails to appear, the issuing authority shall proceed as provided in Rule 543(D)." Pa.R.Crim.P. 543(D)(1) provides that if the issuing authority determines that the defendant did not receive proper notice of the hearing, an arrest warrant will be issued. If, however, the issuing authority finds that the defendant's absence was without cause and after notice, the absence is deemed a waiver of defendant's right to appear at any further proceedings before the issuing authority. Pa.R.Crim.P. 543(D)(3). If the issuing authority conducts a preliminary hearing in the defendant's absence and holds the matter for court, "the issuing authority shall give the defendant notice by first class mail of the results of the preliminary hearing and that a bench warrant has been requested and . . . transmit the transcript to the clerk of courts with a request that a bench warrant be issued by the court of common pleas. . . ." Pa.R.Crim.P. 543 (D)(3)(b)(i)–(ii).

The scant record evidence reveals that after Kelce failed to appear at the preliminary hearing, the magisterial district judge informed the court of common pleas that: "In [Kelce's] absence, the . . . case was held for court pursuant to Pa.R.Crim.P. 543(D), and it is requested that the court issue a bench warrant for [Kelce]." Request for Issuance of Bench Warrant, filed 11/5/07. On November 13, 2007, the court of common pleas issued the bench warrant based on Kelce's failure to appear at the preliminary hearing. N.T. Rule 600 Hearing, 7/20/18, Commonwealth Exhibit 2.

- 12 -

authority to conduct the hearing in Kelce's absence and hold the charges for court, once the bench warrant for Kelce's arrest was issued on November 13, 2007, the burden to act diligently to locate Kelce clearly reverted to the Commonwealth.[2]    Unlike the situation in **Bradford**, where the minor judiciary's failure to transmit the record was the direct cause of the delay in bringing the defendant to trial, the magisterial district judge's actions here had no effect on the delay.   In other words, once the matter before the magisterial district judge was referred to the court of common pleas, the minor judiciary's obligation in the matter was terminated and the responsibility to bring Kelce to trial rested squarely on the Commonwealth.    The Commonwealth's response was to do nothing.   **See Commonwealth v. Carter**, 204 A.3d 945, 949 (Pa. Super. 2019) (upholding Rule 600 dismissal when circumstances of delay were within the control of the Commonwealth).

Based upon the above, we conclude that the Commonwealth did not meet its burden to exercise due diligence to bring Kelce to trial in the timeframe according to the mandates and jurisprudence of Rule 600.  **See Kearse**, 890 A.2d at 392 (Commonwealth must prove due diligence by a preponderance of the evidence).  The Commonwealth did not provide evidence of even a modicum of effort to comply with the Rule.  Accordingly, viewing the

---

[2]  We note that the record shows that the District Attorney's Office received a copy of said bench warrant on November 15, 2007.  N.T. Rule 600 Hearing, 7/20/18, Exhibit 2.

facts favorably to Kelce, we find that the trial court did not abuse its discretion in granting Kelce's motion to dismiss under Rule 600.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2019