440 A.2d 1389

**COMMONWEALTH of Pennsylvania**

v.

**James BANNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1981.

Filed Feb. 5, 1982.

88

H. Stanley Rebert, Public Defender, York, for appellant.

William T. Hast, Assistant District Attorney, York, for Commonwealth, appellee.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge:

In 1979, appellant was convicted of four criminal counts arising out of an attempted prison escape in which he participated in 1978. He received a sentence of 15–30 years imprisonment for the crimes of assault by prisoner,[1] aggravated assault,[2] criminal attempt to commit escape,[3] and possession of implements for escape.[4] On appeal, he argues that the trial court erred in two respects. First, he assigns error to the granting of an application to extend the trial date made by the Commonwealth. Second, he contends that the trial court should have granted a mistrial because the Commonwealth used a peremptory challenge to remove the only black venireman. We affirm.

The incident which led to appellant's trial occurred on November 19, 1978 at the York County prison where appellant was incarcerated. Mr. Banner was shot and injured during the attempt.

A written complaint was filed against him on March 20, 1979. A preliminary hearing was held on March 21; he was arraigned on May 21, 1979 and trial was set for the July, 1979 term of York County Criminal Court. On July 19, 1979, the Commonwealth filed an application to extend the time of trial which was granted. Trial was held on September 27, 1979; the 180-day period prescribed by Rule 1100 expired on September 16, 1979.

■ Appellant argues that the lower court erred in granting an extension of the trial date because the Commonwealth failed to exercise due diligence to bring the case to trial within the requisite period.[5]

Rule 1100 provides in pertinent part:

1. 18 Pa.C.S. § 2703.

2. 18 Pa.C.S. § 2702.

3. 18 Pa.C.S. § 5121, 18 Pa.C.S. § 901.

4. 18 Pa.C.S. § 5122.

5. Appellant included in his argument the assertion that the four-month delay between commission of the crime and filing of a written

(a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

\* \* \* \* \* \*

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the proscribed period despite due diligence of the Commonwealth. . . .

The Commonwealth has the burden of establishing due diligence. *Commonwealth v. Bayani*, 261 Pa.Super. 369, 396 A.2d 443 (1978).

■ The standard of due diligence demands only that reasonable efforts be undertaken. *Commonwealth v. Brinton*, 275 Pa.Super. 304, 418 A.2d 734 (1980).

Citing *Commonwealth v. O'Shea*, 465 Pa. 491, 495, 350 A.2d 872, 874 (1976), the *Bayani* court explained,

An extension of time under Rule 1100(c) "many [sic] be justifiably granted because of a casual relationship between the 'judicial delay' and the Commonwealth's inability to commence trial despite due diligence . . . [e.g.] [s]ituations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable. (Additional citations omitted.) Id., 261 Pa.Super. at 374, 396 A.2d at 445.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the Supreme Court held that, under certain circumstances, a trial court may grant a timely application by the prosecution to extend the prescribed time for trial on the

complaint should militate against granting the extension. However, as is clear from the wording of Rule 1100, that rule does not apply to the period of time preceding the filing of the complaint. Subsection (g) states, "Nothing in this Rule shall be construed to modify any time limit contained in any statute of limitations."

sole ground that the court cannot provide trial within the prescribed period. The court established standards that must be met if such an application is to be granted. The test is as follows:

Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

Id., 469 Pa. at 222, 364 A.2d at 1349, 1350.

The trial court judge summarized the facts surrounding the scheduling of this case as follows:

On September 13, 1979, when the application for the extension was called for the Court's determination, the record discloses that the following statement made by the assistant district attorney was not contested by the defendant:

"This case was scheduled for trial in this Courtroom on July 17, 1979 that was a Tuesday. I should say, Mr. Rebert is defense counsel in this case and the Commonwealth are willing to stipulate that the record reflects that Your Honor was tied up in the case of Commonwealth versus Michael E. Sexton, that was No. 451 Criminal Action, 1979, that case commenced on July 16th, 1979 and the Jury did not return in that case until around 11 a. m. At that time the Commonwealth was ready to proceed on these cases as well as the case of Commonwealth versus Robert Altland. At that time apparently there was some problems with the defendant in the Altland case taking an overdose of sleeping pills. The case did not finally start until July 18, 1979 and Your Honor was tied up in that case during the days of July 18th, July 19th and July 20th, 1979. July 20th was the final day of Criminal Court for the July term. The

Commonwealth would seek to extend this case for trial until September Term of Court on the grounds of unavailability of Court time."

▮ Appellant has not disputed the Commonwealth's assertion that it was ready to proceed in July. The Commonwealth has demonstrated its due diligence by being so prepared.

The second prong of the *Mayfield* test is also met. The case, originally scheduled for July, was rescheduled for the next available term. Statements of the reasons for the delay in trying this case appear both in the trial transcript and the trial court opinion. The trial judge explained that it is the policy in York County to assign cases to specific judges and not to reassign those cases in the event of delay. The facts surrounding this particular delay have been set forth earlier in this opinion and are found in the trial court opinion.

In *Commonwealth v. Mayfield*, supra, the Supreme Court wrote:

The calendaring of cases lies ultimately within the power and responsibility of the trial court. The ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge § 3.8(a) (Approved Draft, 1972) provides:

"The trial court has the ultimate responsibility for proper management of the criminal calendar and should take measures to insure that cases are listed on the calendar and disposed of promptly as circumstances permit."

Id., 469 Pa. at 218, 219, 364 A.2d at 1347.

In the order granting the extension of trial date, the trial court further explained its scheduling procedure. It said:

Cases are assigned to a specific Judge as an administrative procedure to move these cases. While that trial list is not inflexible and cases are removed from time to time when an opening appears, we consider it a sound administrative device and have stated that we will not attempt to inquire as to whether each Judge each day could have handled

another case, if so which one. That was tried once and the Rule 1100 hearings took all day to get through part of the time at issue.

We think this record sufficiently establishes a sound administrative program designed to meet the policy of Rule 1100 and the fact that the case could not be tried because of unavailability of court time.

Apparently, the scheme adopted by the York County courts is designed to achieve efficient scheduling and disposal of cases.

The record in the present case indicates that the delay was due to court scheduling problems and the extension was properly granted.

■ The remaining issue raised by appellant concerns the exercise of a peremptory challenge by the Commonwealth. Appellant argues that the trial court should have granted a mistrial when the challenge was used to remove the only black venireman. We disagree.

As appellant concedes, the United States Supreme Court has stated that, "the presumption in any particular case must be that the prosecutor is using the state's challenges to obtain a fair and impartial jury to try the case before the court." *Swain v. State of Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

The Supreme Court explained,

[W]e cannot hold that the striking of Negroes in a particular case is a denial of equal protection of the laws. In the quest for an impartial and qualified jury, Negro and white, Protestant and Catholic, are alike subject to being challenged without cause. To subject the prosecutor's challenge in any particular case to the demands and traditional standards of the Equal Protection Clause would entail a radical change in the nature and operation of the challenge. The challenge, *pro tanto*, would no longer be peremptory, each and every challenge being open to examination, either at the time of the challenge or at a hearing afterwards. The prosecutor's judgment un-

derlying each challenge would be subject to scrutiny for reasonableness and sincerity. And a great many uses of the challenge would be banned.

Id. at 221, 222, 85 S.Ct. at 836, 837. (See *Commonwealth v. Jones*, 246 Pa.Super. 521, 371 A.2d 957 (1977), in which this court cited *Swain* at length and concluded, that the presumption is overcome only where the defendant produces evidence that in *case after case* the prosecutor, regardless of the circumstances, is responsible for the removal of all blacks from every jury. (Emphasis in original)).

Appellant has not alleged the facts necessary to overcome the presumption.

Judgment of sentence affirmed.