487 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**Kevin CADEN, Appellant.**

Superior Court of Pennsylvania.

Argued May 19, 1983.

Filed Dec. 5, 1984.

Reargument Denied Feb. 14, 1985.

Petition for Allowance of Appeal Granted Aug. 12, 1985.

Stanley E. Gever, Philadelphia, for appellant.

Mariana C. Sorensen, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, HESTER and BROSKY, JJ.

SPAETH, Judge:

This appeal is from a judgment of sentence for risking a catastrophe and conspiracy. Appellant argues that the Commonwealth failed to establish its due diligence in bringing him to trial within the period prescribed by Pa.R.Crim.P. 1100, and also, that the evidence was insufficient to sustain his conviction of risking a catastrophe. We have concluded that the Commonwealth did not comply with Rule 1100, and that appellant must therefore be discharged. This conclusion makes it unnecessary to address appellant's second argument.

On November 20, 1980, appellant was brought to trial, but a mistrial was declared and trial was set for January 22, 1981. Rule 1100(e)(1) provides:

When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.
Pa.R.Crim.P. 1100(e)(1).

One hundred and twenty days from November 20, 1980, was March 20, 1981. Thus, appellant's new trial was set well within the period prescribed by Rule 1100.

However, on January 22, 1981, the case was called for trial before the judge who had declared the mistrial on November 20, 1980. Because of his earlier participation, the judge recused himself, and trial was set for February 5, 1981, still well within the period prescribed by Rule 1100.

When the case was called for trial on February 5, 1981, the Commonwealth requested a continuance because its complaining witness was ill. The request was granted, and trial was set for March 27, 1981, seven days outside the period prescribed by Rule 1100.

There is dispute about the legal significance of the order continuing the trial to March 27, and we shall discuss this dispute in a moment. Suffice it to say now that no transcript of the proceeding was made. The record is unclear but suggests that neither the judge who continued the trial nor the parties were aware that March 27 was outside the period prescribed by Rule 1100. At some point, however, the Commonwealth did become aware of that fact, for on February 10, 1978, it filed a petition to extend the period. The petition stated: "1/22/81, Judge recused self; Judge had previously granted mistrial and was not scheduled to sit on this date. 2/5/81, Commonwealth witness ill."

On March 18, 1981, a hearing was held on the Commonwealth's petition to extend. Appellant opposed the petition. The hearing was largely concerned with what had occurred on February 5. The Commonwealth argued that the order of February 5 continuing the trial had extended the period prescribed by Rule 1100.[1] Initially, the reaction of the hearing judge was that the case should be tried at once, *i.e.*, on March 18, which was still two days within the period prescribed by Rule 1100. Thus the judge asked, "Why cannot this trial be disposed of before March the 20th?," going on to say, "I will hear it now," N.T. 18, and setting

1. *See* N.T. 6 & 8, where by his questioning the assistant district attorney sought to show that the period had been extended.

"[f]our o'clock today," N.T. 21. Eventually, however, the hearing judge was persuaded by the Commonwealth that the February 5 order had not merely continued the trial, but had extended the period prescribed by Rule 1100, to March 27. N.T. 28. He therefore did not set the case down for immediate trial but instead granted the Commonwealth's petition to extend. This was error.

The judge who tried the case on March 27 was the judge who had continued it to that date on February 5. In his opinion to us the judge says that when the Commonwealth requested a continuance, on February 5,

> this Court contacted Court Administration and specifically requested the earliest possible date consistent with the Court's business. As a result of the request, the trial was rescheduled for March 27, 1981, which was seven days beyond the run date.

Slip op. at 4–5.

As we have said, no transcript of the February 5 proceeding was made. We may, however, accept the trial judge's description of his call to Court Administration as though the call did appear of record; that in no way affects our conclusion that the judge's order continuing the case to March 27 was not, and could not have been, an order extending the period prescribed by Rule 1100. The order *was not* an order extending the period, for so far as the record discloses, no one told the judge that March 27 was beyond the period, so that if he picked that date an extension would be needed.[2] We think it safe to assume that the judge did not realize that he was continuing the case beyond the run date. But whether he realized it or not, his order

---

2. At the hearing on March 18, on the Commonwealth's petition for an extension, the assistant district attorney asserted that "[the judge] was apprised of the run date [by the court clerk]." N.T. 17. Defense counsel, however, disagreed, and pointed out that the assistant district attorney's statement was not admissible evidence to show what the judge had been told. Defense counsel was quite correct. The assistant district attorney did not say that he had heard anything said to the judge about the run date, and neither the judge nor the court clerk was called to testify. Nor does the judge say in his opinion to us that he knew or that anyone told him that the run date was March 20.

*could not* be an order extending the period, for it was not issued in response to a petition for an extension. All that occurred on February 5 was that the case was called for trial, and at the Commonwealth's request, an order was issued continuing it.[3]

The Commonwealth's contention at the hearing on March 18 that the order of February 5 continuing the case was an order extending the period prescribed by Rule 1100 was belied by the action of the Commonwealth in filing, on February 10, a petition for an extension. For if the period had already been extended, no petition was necessary. By filing the petition the Commonwealth showed that it knew that no extension had been either requested or granted.

When the Commonwealth's petition for an extension was called for hearing, on March 18, the Commonwealth had a choice of two proper ways to proceed. First, the Commonwealth could try the case at once, as the hearing judge offered to do. (Perhaps, despite the judge's offer, that would not have been possible, for it might not have been possible to get the witnesses in.) Or second, the Commonwealth could prove that it had exercised due diligence in trying to bring appellant to trial within the period prescribed by Rule 1100, and that therefore the period should be extended. The choice the Commonwealth actually made—to argue that the period had *already* been extended—was inconsistent with all that had gone before.

3. The Commonwealth, relying on *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981), argues that by failing to object on February 5 to the continuance to March 27, appellant "effectively waived Rule 1100" until March 27. Brief for the Commonwealth at 3. This argument lacks merit. In *Brown* the Supreme Court noted: "There are no formal requirements for a valid waiver of Rule 1100; '[s]o long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity.'" *Id.*, 497 Pa. at 11, 438 A.2d at 594 (quoting *Commonwealth v. Myrick*, 468 Pa. 155, 160, 360 A.2d 598, 600 (1976)). Here, there could be no informed and voluntary waiver of an extension of the period prescribed by Rule 1100, for no extension was requested. When an extension *was* requested, by the Commonwealth's petition for an extension on February 10, appellant *objected to it*.

As it is, we are confronted with an anomalous order: In response to the Commonwealth's petition for an extension, filed February 10, the hearing judge should have entered an order either extending or refusing to extend the period prescribed by Rule 1100, according to whether he found or did not find due diligence. Instead, he made no findings, one way or the other, regarding due diligence, but entered an order extending the period to March 27 on the basis of a finding that on February 5, when the case had been continued, the period had *already* been extended to March 27. Thus by his own finding the judge made his order, and the Commonwealth's petition for an extension, nullities.

We should ignore this anomaly, and refuse to order appellant discharged, if the record showed that at the March 18 hearing on the Commonwealth's petition for an extension the Commonwealth had proved its due diligence. For in that event we could conclude that appellant's rights under Rule 1100 had not been violated. In fact, however, the Commonwealth did not prove its due diligence.

The only witness the Commonwealth called at the March 18 hearing on its petition for an extension was the assistant district attorney who had been present when the case was called for trial on February 5 and was continued to March 27. He testified that about eleven o'clock on the morning of February 5 he had telephoned the complaining witness "when he didn't show," and that the witness had said that "he was sick at home that day and could not come in." N.T. 4. He also testified that he then asked the trial judge for, and was given, "the earliest possible date, which is only a month and a half from the time that we were on trial that day [February 5], and that was on March the 27th of '81, and that would be my testimony." N.T. 5–6.

It is settled that in applying for an extension of the Rule 1100 period for bringing a defendant to trial, the Commonwealth must make a record showing that it could not, in the exercise of due diligence, have brought the defendant to trial before the expiration of the Rule 1100 period. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d

1345 (1976); *Commonwealth v. Warman*, 260 Pa.Super. 130, 393 A.2d 1046 (1978). Mere assertions of due diligence and unproved facts do not establish due diligence under Rule 1100. *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 390 A.2d 1366 (1978) (*per curiam*); *Commonwealth v. Porter*, 251 Pa.Super. 346, 380 A.2d 812 (1977). "When a case has Rule 1100 problems, prosecutors must do everything within their power to see that the case is tried on time." *Commonwealth v. Smith*, 477 Pa. 424, 428, 383 A.2d 1280, 1282 (1978). *See also Commonwealth v. Metzger*, 249 Pa.Super. 107, 375 A.2d 781 (1977). Moreover, while court scheduling difficulties may provide the basis for an extension,

> the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; *provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.*
>
> *Commonwealth v. Mayfield, supra*, 469 Pa. at 222, 364 A.2d at 1349–50 (emphasis added).

*See also Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

■ Here, the Commonwealth fell far short of meeting its burden. The assistant district attorney asserted that he was given "the earliest possible date," but no evidence supports the assertion. We may assume from the trial judge's opinion to us that when the Commonwealth requested a continuance, the judge spoke to someone in the Court Administrator's Office, but whoever it was, that person wasn't called as a witness. Thus, contrary to the Supreme Court's mandate, the record does *not* "show the causes of the court delay and the reasons why the delay [could] not be

avoided." *Commonwealth v. Mayfield, supra,* 469 Pa. at 222, 364 A.2d at 1349–50. *And see Commonwealth v. Fairley,* 298 Pa.Super. 236, 444 A.2d 748 (1982) (Court Administrator testified that due to backlog, low priority listing given driving under the influence cases under court policy); *Commonwealth v. Banner,* 295 Pa.Super. 87, 440 A.2d 1389 (1982) (record shows case delayed by court scheduling problems); *Commonwealth v. Royer,* 256 Pa.Super. 361, 389 A.2d 1165 (1978) (record shows case delayed because courtroom unavailable).[4] The Commonwealth's petition for an extension of the period prescribed by Rule 1100 should therefore have been denied.

The judgment of sentence is reversed and appellant is ordered discharged.

BROSKY, J., files a concurring opinion.

HESTER, J., files a dissenting opinion.

BROSKY, Judge, concurring:

While I agree with the result reached in the lead opinion, my reasons for reaching that result differ somewhat from the analysis therein. I note first that the Commonwealth argues that, by failing to object on February 5 to the continuance to March 27, appellant waived Rule 1100 until March 27. The lead opinion's response to this argument is that there could be no waiver of an extension of the Rule 1100 period because no petition for extension was under consideration. This response would seem to be a *non sequitur* since the Commonwealth is arguing not that appellant waived Rule 1100 by failing to object to a requested extension via a Rule 1100 petition, but that waiver occurred because appellant failed to object to a continuance that

---

4. We are unable to subscribe to the view of the dissent that these self-serving statements of the assistant district attorney established the Commonwealth's due diligence. *See Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Delpiano,* 290 Pa.Super. 510, 434 A.2d 1260 (1981); *Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 390 A.2d 1366 (1978).

scheduled a trial date beyond the Rule 1100 period.[1] If the Commonwealth were correct in its contention, it would then be completely irrelevant that when an extension was requested by a petition filed on February 10 appellant objected to it. However, I agree that the Commonwealth's argument does lack merit.

It is certainly true that, if a defendant or his counsel agrees to a continuance where trial is scheduled beyond the Rule 1100 period, the defendant may not thereafter complain that the rule was violated. *Commonwealth v. Hickson,* 235 Pa.Super. 496, 344 A.2d 617 (1975). However, as a general principle, this type of waiver only applies in cases in which the defendant (or his counsel) *actively* agreed to a late trial date. *Commonwealth v. Lovera,* 248 Pa.Super. 439, 441, 375 A.2d 178, 179 (1977) (Spaeth, J.) (no waiver where there was no evidence that appellant made any statements or otherwise indicated that he accepted the delay).

An exception to this general principle can be found in the case of *Commonwealth v. Brown,* 497 Pa. 7, 438 A.2d 592 (1981), upon which the Commonwealth relies. In *Brown,* the court found a waiver of Rule 1100 where the defendant and his counsel sat silently in open court and listened to the judge announce a trial date beyond the last day for trial under Rule 1100. The Commonwealth fails to note, however, the special circumstances involved in that case emphasized by the *Brown* court in explaining its decision. Of particular importance to that court was the fact that the defendant understood the nature and scope of his rights under Rule 1100, as well as the consequences of waiving these rights, as he had on an earlier occasion expressly and validly waived these rights. The *Brown* court further noted that the defendant was not prepared to proceed to

---

1. While it is clear that a defendant may waive a Rule 1100 claim by failing to contest a petition to extend, see *Commonwealth v. Yancey,* 301 Pa.Super. 427, 447 A.2d 1041 (1982), that is not the type of waiver alleged by the Commonwealth in this case.

trial during the Rule 1100 period and that the trial date was set solely for the defendant's benefit.

None of the circumstances emphasized in *Brown* is of record in the case *sub judice*.[2]   There is no indication on record that appellant was even present when the continuance was granted and the trial date set let alone that he and his counsel sat in silence while the trial date was announced.   There is also no reason from the record to believe that appellant was fully aware of his Rule 1100 rights or that he was not prepared to proceed to trial.   The record does demonstrate, however, that unlike *Brown*, the continuance was granted solely for the Commonwealth's benefit.   Thus, I find *Brown* to be clearly distinguishable from the case at bar and, accordingly, conclude that the Commonwealth's claim of waiver lacks merit.

Secondly, I believe the lead opinion and the dissent are essentially debating a question which, on the state of the record, this court cannot answer.   They differ over whether the Commonwealth at the March 18 hearing, proved due diligence.   However, as the lead opinion itself points out, the hearing judge made no findings, one way or the other, regarding due diligence.   Instead, the record clearly shows that his order was based solely on the finding that the Rule 1100 period had already been extended on February 5.   Since we, as an appellate court, cannot make factual findings regarding due diligence and since we are without the benefit of such findings by the hearing judge, it is impossible for us to conclude, one way or the other, whether due diligence was proved.

Under such circumstance, I believe the proper inquiry becomes whether or not the evidence produced by the Commonwealth at the March 18 hearing was *sufficient* to

2.   The record before us is, of course, incomplete since, as noted in the lead opinion, no transcript of the February 5 proceeding was made. However, the case of *Commonwealth v. Donaldson*, 334 Pa.Super. 473, 483 A.2d 549 precludes us from remanding the case for an evidentiary hearing.

prove due diligence. In other words, looking at the evidence in the light most favorable to the Commonwealth, would it support a finding of due diligence. See *Commonwealth v. Contakos*, 492 Pa. 465, 424 A.2d 1284 (1981). If we were to find the evidence to have been sufficient, I would then remand the case for a new Rule 1100 hearing.[3] If, however, we were to find the evidence to have been insufficient, it would be improper to remand the case simply to give the Commonwealth a second opportunity to prove due diligence and I would simply reverse the judgment of sentence and discharge the appellant.

Instantly, I find that the analysis of the lead opinion, although framed in terms of whether or not the Commonwealth's evidence proved due diligence instead of in terms of the sufficiency of that evidence, nevertheless demonstrates that the evidence was, in fact, insufficient to prove due diligence. Therefore, I agree with President Judge Spaeth that the judgment of sentence should be reversed and appellant discharged.

HESTER, Judge, dissenting:[1]

In *Commonwealth v. Donaldson*, 334 Pa.Super. 473, 483 A.2d 549 (1984), this Court ruled that the Commonwealth must prove that it exercised due diligence in bringing the defendant to trial and that trial, whether scheduled originally or upon extension, was scheduled on the earliest possible

---

3. I do not believe that such a remand would be precluded by *Commonwealth v. Donaldson, supra.* Unlike *Donaldson*, in which we held that, since it was the Commonwealth's burden to construct a recorded hearing, we would not give the Commonwealth a second opportunity to do so by remanding the case, there would be no reason to penalize the Commonwealth over a procedure of which it had no control (the making of findings regarding due diligence). Cf. *Commonwealth v. Spaulding*, 275 Pa.Super. 261, 418 A.2d 712 (1980) (where suppression court fails to make findings of fact and conclusions of law, a new suppression hearing is required).

1. This dissenting opinion was delayed by the filing of this Court's en banc opinion in *Commonwealth v. Donaldson*, 334 Pa.Super. 473, 483 A.2d 549 (1984).

date. *Donaldson* also held that where due diligence is not proven, trial may be extended beyond the original run-date providing the defendant waives his speedy trial rights and agrees to the extension. Finally, *Donaldson* rules that where there is no record of a lower court proceeding, a reviewing court will not remand for an evidentiary hearing on whether the Commonwealth carried its burden of proving due diligence, the earliest possible date or the defendant's waiver of speedy trial. It is the Commonwealth's burden to construct a recorded hearing; there will be no remand for a second hearing to provide the Commonwealth with another opportunity.

The majority errs in applying *Donaldson* principles to the February 5, 1981 hearing. That hearing was not recorded and, in conjunction with the Commonwealth's failure to file a petition to extend prior to that hearing, the majority concludes that the lower court on March 18, 1981 erred in finding that the February 5th court did extend the run-date.

The proper subject for review was not whether the February 5th court granted an extension, but whether the Commonwealth proved the allegations set forth in its petition for an extension on March 18, 1984. Its petition was timely filed and properly before the Court.

The transcript from the March 18th hearing includes testimony by the prosecutor that the Commonwealth was unable to secure the presence of the complaining witness due to illness. Secondly, he testified that the earliest possible date had been secured. It is unclear whether the lower court relied on this testimony or on its belief that the February 5th court granted an extension. Nevertheless, there was evidence that the Commonwealth carried its burden. The evidence is sufficient to preclude a reviewing court from holding that there was an abuse of discretion.

In view of the foregoing, in addition to the fact that the evidence was sufficient to sustain the verdicts, I would affirm.